UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNLUCKY FILM INC.,<br>a Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RED HAWK FILMS, INC.,<br>A New York Corporation,<br><br>Defendant. | Case No: 2:24-cv-10149-TGB-EAS<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge Elizabeth A. Stafford |

## **MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Court Rule 83.25, **AUGUSTINE O IGWE P.C.**, counsel for Plaintiff, Unlucky Film Inc., hereby moves to withdraw the firm and its attorneys who have appeared in this case as counsel for Plaintiff, Unlucky Film Inc. There has been a complete breakdown in the relation and communication between **AUGUSTINE O IGWE P.C.** and Plaintiff, Unlucky Film Inc., and its owner, Timothy Mucciante, causing irreparable damage to the attorney-client relationship. In support of its motion, **AUGUSTINE O IGWE P.C.**, relies upon its Brief in Support of Motion to Withdraw as Counsel for Plaintiff, Unlucky Film Inc.

**AUGUSTINE O IGWE P.C.**, has sought the concurrence of opposing counsel and which was granted.

Respectfully submitted, this 18th day of April 2024.

/s/ Augustine O. Igwe
_____
Augustine O. Igwe
Michigan Bar No. P40053
Attorneys for Plaintiff

AUGUSTINE O. IGWE P.C.
39500 High Pointe Blvd, Suite 400
Novi, MI 48375
Ph.: (248) 344-2280; Fax: (248) 671-5214
Email: aigwe@igwelawgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNLUCKY FILM INC., <br> a Michigan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> RED HAWK FILMS, INC., <br> A New York Corporation, <br><br> Defendant. | Case No: 2:24-cv-10149-TGB-EAS <br><br> Hon. Terrence G. Berg <br><br> Magistrate Judge Elizabeth A. Stafford |

# BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………… ii

MOST CONTROLLING AUTHORITY……………………….…………iii

QUESTION PRESENTED …………………………………………………....iv

STATEMENT OF FACTS ………………………………………………..1

LEGAL ARGUMENT……………………………………………………..1

CONCLUSION………………………………………………….……….3

# TABLE OF AUTHORITIES

**CASES**

**Sixth Circuit Cases**

*Brandon v Blech,* 560 F.3d 536 (6th Cir. 2009) ………………………………….3

*Davis v. State Farm Fire & Cas. Co., 351 Fed. Appx. 990 (6th Cir. 2009)*………..2

**Court Rules**

Local Civil Rule 83.25 …………………………………………………………1

**Other Authorities**

Michigan Rule of Professional Conduct 1.16…………………………………….3

# MOST CONTROLLING AUTHORITY

Local Civil Rule 83.25 …………………………………………………..1

Michigan Rule of Professional Conduct 1.16…………………………...…….3

# **QUESTION PRESENTED**

1. Whether the Court should permit AUGUSTINE O IGWE P.C., and its attorneys of record to **_withdraw_** as **_counsel_** for Plaintiff, Unlucky Film Inc., where there is a complete, irreparable breakdown of the attorney-client relationship as a result of Plaintiff's failure to meet its financial commitments and to honor financial promises made to AUGUSTINE O IGWE P.C., and where permitting such a withdrawal will not cause a material adverse impact on Plaintiff and where an inability to **_withdraw_** will cause AUGUSTINE O IGWE P.C. to suffer an unreasonable financial burden or render representation unreasonably difficult.

# STATEMENT OF FACTS

Plaintiff, Unlucky Film Inc., retained AUGUSTINE O IGWE P.C. on March 27, 2024, to represent it in the above captioned civil litigation involving breach of contract, injunctive relief and counterclaim filed by the opposing party. Plaintiff agreed to cooperate honestly and diligently with AUGUSTINE O IGWE P.C., as well as pay attorneys' fees and expenses incurred on its behalf. On March 28, 2024, the Court entered an Order for Substitution of Counsel which substituted AUGUSTINE O IGWE P.C. in place of Plaintiff's prior counsel, HOWARD & HOWARD ATTORNEYS PLLC (ECF No. 15). Now, there is a complete, irreparable breakdown of the attorney-client relationship, there have been no payment of attorneys' fees and expenses incurred, and AUGUSTINE O IGWE P.C. therefore moves the Court for leave to withdraw as counsel for Plaintiff.

# **LEGAL ARGUMENT**

The attorney-client relationship is of a delicate and confidential nature. They should have faith in each other, and their words and commitments should be honored and relied upon. A complete, irreparable breakdown of the attorney-client relationship has occurred because of a total breakdown in trust between AUGUSTINE O IGWE P.C. and Plaintiff. As such, AUGUSTINE O IGWE P.C. respectfully requests that the Court grant it leave to ***withdraw*** pursuant to Local Civil Rule 83.25(b)(2).

Where a Michigan attorney seeks to ***withdraw*** from a case based in a federal court located in Michigan, federal courts apply the Michigan Rules of Professional Conduct ("M.R.P.C."). *Davis v. State Farm fire & Cas. Co., 351 Fed. Appx. 990 (6th Cir. 2009)* (Applying M.R.P.C. to decide whether an attorney practicing in the Eastern District of Michigan should be permitted to ***withdraw***); See also, Local Civil Rule 83.22(b).

Pursuant to M.R.P.C 1.16, an attorney may ***withdraw*** where "withdrawal can be accomplished without material adverse effect on the interest of the client." Here, permitting AUGUSTINE O IGWE P.C. to ***withdraw*** will not cause the client to suffer a material adverse effect. AUGUSTINE O IGWE P.C. has secured concurrence of opposing counsel. There are no imminent deadlines to file pleadings with the Court. On April 10, 2024, the Court entered a Stipulated Order to Adjourn Dates for 21 days on the pending motions before the Court (ECF No. 17). Discovery has not begun. There is ample time for Plaintiff to retain counsel and for that counsel to prepare Plaintiff's case for discovery, motions, and for trial.

Even if AUGUSTINE O IGWE P.C.'s withdrawal would cause a material adverse impact on Plaintiff's interest, which it will not, counsel may still withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the

lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." M.R.P.C. 1.16(b)(4).

Further, M.R.P.C. 1.16(b)(5) also provides that an attorney may withdraw where continued representation will cause an unreasonable financial burden on counsel or where representation has been rendered unreasonably difficult by the client.

This is a complex case and will require AUGUSTINE O IGWE P.C. to invest numerous hours toward motion practice, discovery, and trial preparation, as well as require AUGUSTINE O IGWE P.C. to absorb all the costs and expenses associated therewith. This will cause an unreasonable financial burden for the firm. *Brandon v Blech, 560 F.3d 536 (6th Cir. 2009)* (permitting an attorney to withdraw where the client failed to pay attorneys' fees and recognizing that under such circumstances compelling representation imposes a severe burden).

## CONCLUSION

For the aforementioned reasons, AUGUSTINE O IGWE P.C. and its attorneys who have appeared in the case should be permitted to withdra*w,* pursuant to Local Civil Rule 83.25 and M.R.P.C. 1.16.

WHEREFORE, AUGUSTINE O IGWE P.C. respectfully requests that the Court enter an Order that: 1. Terminates AUGUSTINE O IGWE P.C. and its attorneys as counsel for Plaintiff, Unlucky Film Inc.; and 2. Holds the case in

abeyance until Plaintiff can retain new counsel and/or until further order of the Court.

Respectfully submitted, this 18th day of April 2024.

/s/ Augustine O. Igwe
_____
Augustine O. Igwe
Michigan Bar No. P40053
Attorneys for Plaintiff

AUGUSTINE O. IGWE P.C.
39500 High Pointe Blvd, Suite 400
Novi, MI 48375
Ph.: (248) 344-2280; Fax: (248) 671-5214
Email: aigwe@igwelawgroup.com

**CERTIFICATE OF SERVICE**

I certify that on April 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties and attorneys of record.

/s/ Augustine O. Igwe
AUGUSTINE O. IGWE]