UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNLUCKY FILM INC., a Michigan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> RED HAWK FILMS, INC., A New York Corporation, <br><br> Defendant. | Case No: 2:24-cv-10149-TGB-EAS <br><br> Hon. Terrence G. Berg <br><br> Magistrate Judge Elizabeth A. Stafford |

## **SCHAEFER MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Court Rule 83.25, ENRICO SCHAEFER (Bar No. P43506) of Traverse Legal, PLC, counsel for Plaintiff, Unlucky Film Inc., hereby moves to withdraw the firm and its attorneys who have appeared in this case as counsel for Plaintiff, Unlucky Film Inc. There has been a complete breakdown in the relation and communication between **ENRICO SCHAEFER** and Plaintiff, Unlucky Film Inc., and its owner, Timothy Mucciante, causing irreparable damage to the attorney-client relationship. In support of its motion, **ENRICO SCHAEFER**, relies upon its Brief in Support of Motion to Withdraw as Counsel for Plaintiff, Unlucky Film Inc.

**ENRICO SCHAEFER** has sought the concurrence of opposing counsel who does not object to withdrawal but objects to any delay.

Respectfully submitted, this 4rth day of October 2024.

/s/ Enrico Schaefer
_____
Enrico Schaefer (P43506)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49684
Phone:  231 932 0411
enrico.schaefer@traverselegal.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNLUCKY FILM INC.,<br>a Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RED HAWK FILMS, INC.,<br>A New York Corporation,<br><br>Defendant. | Case No: 2:24-cv-10149-TGB-EAS<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge Elizabeth A. Stafford |

**BRIEF IN SUPPORT OF SCHAEFER MOTION
TO WITHDRAW AS COUNSEL**

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................................iii

**MOST CONTROLLING AUTHORITY**................................................................ iv

**QUESTION PRESENTED**........................................................................................ v

**STATEMENT OF FACTS** ........................................................................................ 1

**STANDARD FOR WITHDRAWAL** ........................................................................ 1

**REQUEST TO WITHDRAW**................................................................................... 4

**CONCLUSION**............................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**
*Davis v. State Farm fire & Cas. Co.*, 351 Fed. Appx. 990 (6th Cir. 2009) .................... 2

**Other Authorities**
MRPC 1.16(a) ................................................................................................ 2, 3, 5

**Rules**
Local Civil Rule 83.22 ................................................................................................ 2
Local Civil Rule 83.25 ............................................................................................ 1, 6

## **MOST CONTROLLING AUTHORITY**

Local Civil Rule 83.25 ............................................................................................... 1, 6

MRPC 1.16(a) ............................................................................................................ 2, 3,5

## **QUESTION PRESENTED**

1. Whether the Court must permit Enrico Schaefer and Traverse Legal PLC to withdraw as counsel for Plaintiff Unlucky Film Inc. under Michigan Rule of Professional Conduct 1.16(a), where continued representation would result in a violation of the Rules of Professional Conduct due to a complete breakdown of trust and communication, and s further representation is ethically and professionally untenable.

## STATEMENT OF FACTS

Plaintiff, Unlucky Film Inc., retained ENRICO SCHAEFER on August 14, 2024, to represent it in the above captioned civil litigation involving breach of contract, injunctive relief, and counterclaim filed by the opposing party. On August 14, 2024, the Court entered an Order for Substitution of Counsel, which substituted ENRICO SCHAEFER in place of Plaintiff's prior counsel, Mark C. Rossman and Isra Khuja of Rossman, P.C. (ECF No. 28). Now, there is a complete, irreparable breakdown of the attorney-client relationship and counsel cannot reasonably meet his professional obligations under the Michigan Rules of Professional Conduct to the client, the court and third-parties.

## STANDARD FOR WITHDRAWAL

The attorney-client relationship is of a delicate and confidential nature. They should have faith in each other, and their words and commitments should be honored and relied upon. A complete, irreparable breakdown of the attorney-client relationship has occurred because of a total breakdown in trust between ENRICO SCHAEFER and Plaintiff. As such, ENRICO SCHAEFER respectfully requests that the Court grant it leave to ***withdraw under*** Local Civil Rule 83.25(b)(2) and MRCP 1.6.

Where a Michigan attorney seeks to withdraw from a case based in a federal court located in Michigan; federal courts apply the Michigan Rules of Professional Conduct ("MRPC"). *Davis v. State Farm fire & Cas. Co., 351 Fed. Appx. 990 (6th Cir. 2009)* (Applying M.R.P.C. to decide whether an attorney practicing in the Eastern District of Michigan should be permitted to withdraw); *See also*, Local Civil Rule 83.22(b).

MRCP 1.16 guides the Court regarding the termination of representation.

Declining or Terminating Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.

(b) Except as stated in paragraph (c), after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

2

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.
>
> (c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
>
> (d) Upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

Under MRCP 1.16, there are discretionary withdrawals and mandatory withdrawals. An attorney may seek a *discretionary withdrawal* where "withdrawal can be accomplished without material adverse effect on the interest of the client." A *mandatory withdrawal* is required by MRCP when more serious circumstances necessitate the motion. "MRPC 1.16(a) provides for ... circumstances in which the attorney must withdraw from representation [... that includes mandatory withdrawal if] the representation will result in violation of the Rules of Professional Conduct or other law." Michigan State Bar, Ethics Opinion RI-387 (issued April 21, 1994).

      The Comments to MRCP 1.16 provide further guidance on mandatory withdrawal:

3

> **Mandatory Withdrawal.**
>
> A lawyer ordinarily must decline or withdraw from representation if the client demands that the lawyer engage in conduct that is illegal or violates the Rules of Professional Conduct or other law. …
>
> When a lawyer has been appointed to represent a client, withdrawal ordinarily requires approval of the appointing authority. See also Rule 6.2. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may wish an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.

Approval from the court is required for either discretionary or mandatory withdrawal requests, as is being sought here.

Navigating this area of professional responsibility is sensitive, given the various duties an attorney owes to his clients. These include those provided under MRCP 1.6, which precludes the attorney from disclosing confidential information as part of a motion to withdraw, a duty to provide competent representation under Rule 1.1, and other obligations to the client. As importantly, an attorney has a variety of professional and ethical obligations in addition to his obligations to the client, such as those provided in Rule 6.1(b)(1) and (2), Rule 3.3 (candor towards the tribunal) and Rule 4.1 (truthfulness in statements to others, including opposing counsel).

## REQUEST TO WITHDRAW

As outlined in the declaration of attorney Enrico Schaefer, attached as **Exhibit A**, Mr. Schaefer affirms that continued representation is impossible and that his

4

withdrawal obligations fall within the mandatory withdrawal provisions. As noted in the Comments to Rule 1.16, "**the lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.**" (Emphasis added). While it is less clear what additional disclosures to the court are allowed during an in-camera proceeding,[1] we respectfully leave it to the court's discretion as to whether to schedule an in-camera review or (preferably) call.[2]

Discretionary withdrawal is also warranted in this case. There has been a breakdown in the relationship between Mr. Schaefer and his client. The plaintiff has advised Mr. Schaefer that new counsel has been retained and will be filing an appearance in the case shortly. Permitting Mr. Schaefer to withdraw will not cause the client to suffer a material adverse effect. On September 30, 2024, the Court conducted a status conference and set the following deadlines: Motion Hearing set for 10/28/2024 at 3:30 PM before District Judge Terrence G. Berg), (Discovery due by 11/8/2024, Dispositive Motion Cut-off reset for 12/9/2024 (text only Order).

---

[1] As noted in the Comments to Rule 1.16, There may still be limitations on what might be subject to disclosure even to the judge. "The court may wish an explanation for the withdrawal, **while the lawyer may be bound to keep confidential the facts that would constitute such an explanation**." (Emphasis Added). The comments to RI-387 state: "In connection with a motion to withdraw, a lawyer should disclose information protected by MRPC 1.6 only if ordered by a court and only to the extent reasonably necessary to comply with the court's order." Michigan State Bar, Ethics Opinion RI-387 (issued April 21, 1994).

[2] Mr. Schaefer will be flying to Barcelona for a family vacation on Wednesday, October 9, and returning from Barcelona on the evening of Thursday, October 17th; Mr. Schaefer will be in Detroit on Friday, October 18th. Mr. Schaefer travels to Texas for depositions the week of October 21, and we'll be returning to Detroit starting the week of October 28.

## **CONCLUSION**

For the reasons above, Traverse Legal, PLC, and Enrico Schaefer should be permitted to withdraw under Local Civil Rule 83.25 and M.R.P.C. 1.16.

WHEREFORE, ENRICO SCHAEFER respectfully requests that the Court enter an Order that: 1. Terminates Traverse Legal, PLC and Enrico Schaefer and its attorneys as counsel for Plaintiff, Unlucky Film Inc.; and 2. Holds the case in abeyance until Plaintiff can retain new counsel and/or until further order of the Court.

Respectfully submitted, this 4th day of October 2024.

/s/ Enrico Schaefer
_____
Enrico Schaefer (P43506)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49684
Phone:  231 932 0411

enrico.schaefer@traverselegal.com

_____

## **CERTIFICATE OF SERVICE**

I certify that on October 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties and attorneys of record.

/s/ Enrico Schaefer
_____
Enrico Schaefer (P43506)
TRAVERSE LEGAL, PLC

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

TARA HARDIN, an individual,
TARA N. HARDIN DDS, INC.,
an Ohio Corporation

     Plaintiff,                        Case No.: 1:22-cv-542-TSB

-vs-                                  Timothy S. Black
                                      United States District Judge

HEARTLAND DENTAL
     Defendant,
-------------------------------------------------------------

**DECLARATION OF ENRICO SCHAEFER**

I, ENRICO SCHAEFER, being duly sworn states as follows:

1. I am the current attorney of record in this case, representing Unlucky Film, Inc., a Michigan corporation, by and through its representative, Timothy Muccianti.

2. I have filed the current motion to withdraw as counsel for the reasons outlined in the brief in support of the motion to withdraw as counsel.

3. I have provided reasonable warning to the client on numerous occasions that I will seek approval to withdraw as his attorney. Plaintiff has actively been seeking new counsel and has stated that he has signed a retainer agreement with new counsel.

4. I have researched the Michigan rules of professional responsibility regarding

1

my duties to my client, this court, and third parties. I have reviewed MRCP 1.16 concerning withdrawal and the comments on those rules to understand how best to navigate this situation.

5. I understand that withdrawal requires approval of this court, whether discretionary or mandatory, without disclosing client confidences or implicating other duties to the client.

6. Under the rules of professional responsibility, I affirm that this situation meets the criteria for mandatory withdrawal.

7. I understand that under Rule 1.16, there are still limitations on what I can disclose in this motion and to the judge by way of further explanation.

8. I am available for an in-camera conference with the judge on the dates and times reflected in footnote 2 to this brief. Still, I'm hopeful the court will accept my statement that professional considerations require termination of the representation and that my representation is sufficient.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on the 4th day of October, 2024.

_____
Enrico Schaefer,  Declarant
Enrico.schaefer@traverselegal.com