UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM INC.**, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>**RED HAWK FILMS, INC.**, <br><br>　　　　Defendant/Counter-Plaintiff. | 2:24-CV-10149-TGB-EAS <br><br> Hon. Terrence G. Berg <br><br> Magistrate Judge Elizabeth A. Stafford |

**MOTION REQUESTING**
**THAT THE COURT SET A TRIAL DATE**

Defendant and Counter-plaintiff Red Hawk Films, Inc. ("Red Hawk") states as follows for its Motion Requesting that the Court Set a Trial Date ("Motion"):

**Concurrence**

1.　On April 1, 2025, Red Hawk requested concurrence "in a motion requesting that the court set a trial date at the Court's first available open date." On April 3, 2025, counsel for Plaintiff indicated that Plaintiff concurs in the relief requested.

**Factual Background – the Pleadings**

2.　Unlucky Film, Inc. ("Unlucky" or "Plaintiff") commenced this case against Red Hawk on January 19, 2024 by filing its complaint

alleging counts for breach of contract, declaratory judgment and breach of fiduciary duty. ECF No. 1. During the course of discovery, Unlucky agreed that it would not seek monetary damages in this matter.

3.  On March 13, 2024, Red Hawk timely filed its Answer to the Complaint and Affirmative Defenses as well as a Counterclaim. ECF No. 10. Red Hawk's Counterclaim asserts counts for breach of contract, account stated, and promissory estoppel, and seeks damages of $190,206.88, plus an amount to be determined by the Court to compensate Red Hawk for reputational damages and lost opportunities. ECF No. 10 at 12-13 (lesser damages are requested for the account stated and promissory estoppel counts).

**Delays Caused by Multiple Withdrawals by Plaintiff's Counsels**

4.  On March 28, 2024, Unlucky's initial counsel, Howard & Howard Attorneys PLLC, withdraw and Augustine O Igwe, P.C. substituted in as replacement counsel. ECF No. 15.

5.  On April 18, 2024, Augustine O Igwe, P.C. moved to withdraw as counsel, asserting a complete irreparable breakdown in the attorney-client relationship and no payment of attorneys' fees. ECF No. 18.

6. On April 30, 2024, this Court held a status conference by telephone. During that status conference, the Court and Red Hawk were informed that Rossman, P.C. intended to substitute in as counsel in place of Augustine O Igwe, P.C.

7. During the status conference, Unlucky represented to the Court that there would be no further substitutions of counsel in this case.

8. On May 1, 2024, Mark C. Rossman and Isra K. Khuja of the Rossman, P.C. firm filed appearances on behalf of Unlucky.

9. On June13, 2024, the Court issued its Scheduling Order which, among other things, establishes October 14, 2024 as the last day for discovery. ECF No. 24.

10. On July 15, 2024, Mark C. Rossman and Isra K. Khuja filed a motion to withdraw as counsel asserting an irreconcilable breakdown of the attorney-client relationship, and at least strongly implies that Unlucky failed to pay attorneys' fees. Id., p. 2.

11. On August 13, 2024, the Court held a hearing on Mark C. Rossman and Isra K. Khuja's motion to withdraw at which Enrico

Schaefer appeared on behalf of Plaintiff and Mr. Timothy Mucciante, the owner of Unlucky, also appeared.

12.    At the hearing, Mr. Mucciante informed the Court again that there would be no further withdrawals of Plaintiff's counsel in this case.

13.    On October 4, 2024, Enrico Schaefer filed a motion to withdraw as counsel, asserting that withdrawal was *mandatory* under Michigan Rules of Professional Conduct 1.16. ECF No. 31.

14.    On October 25, 2024, this Court entered its Order for Substitution of Counsel substituting Jessica Fleetham in place of Enrico Schaefer as counsel for Unlucky. ECF No. 33.

15.    On November 21, 2024, Jessica Fleetham filed a Motion for Withdrawal as Counsel for Plaintiff, but did not specify the grounds for withdrawal. ECF No. 21. On December 3, 2024, this Motion was withdrawn. ECF No. 39.

16.    On April 3, 2025, Jessica Fleetham filed her second Motion for Withdrawal as Counsel for Plaintiff, seeking to withdraw due to the nonpayment of legal fees. ECF No. 47.

## **Sporadic Settlement Discussions and Settlement Agreement**

17. In February 2024, shortly after Red Hawk became aware of this case,[1] counsel for Red Hawk reached out to Unlucky's original counsel to discuss potential settlement of this matter.

18. Based on discussions with Unlucky's counsel, Red Hawk drafted a proposed term sheet and transmitted it to Unlucky's counsel on February 14, 2024.

19. The settlement discussion process is set forth in more detail in Red Hawk's Motion for Partial Relief from Preliminary Injunction and Entry of Order Permitting Sale of Film and Brief in Support. ECF No. 27.

20. On May 30, 2024, Unlucky and Red Hawk agreed to a non-binding term sheet.

21. Red Hawk drafted and circulated a comprehensive settlement and release agreement.

22. Unlucky refused to respond to the comprehensive settlement agreement or provided any substantive comments.

---

[1] Scott Rosenbaum, the owner of Red Hawk, was in Australia when this case was filed and did not return from vacation until the first week of February.

23. On August 20, 2024, the Court directed the parties to meet and confer to complete settlement negotiations. The parties met as directed and Unlucky finally sent comments to the proposed settlement agreement.

24. Red Hawk promptly responded with its own comments, but Unlucky was not responsive to any further settlement discussions until late October 2024.

25. Since late October 2024, Unlucky and Red Hawk have been engaged in sporadic settlement discussions during the discovery process.

26. Based on settlement discussions, Red Hawk was, for a time, optimistic that a settlement would be reached. However, since that time, talks have once again broken down and there is no likelihood that they will resume prior to trial.

27. Red Hawk now believes that a settlement of this matter in advance of trial is highly improbable.

## **Current Status of Case**

28. Discovery has been completed and both parties have declined to file any dispositive motions. Red Hawk may seek to take de

bene esse depositions of certain witnesses that reside outside the geographical area subject the trial subpoena power under Fed. R. Civ. P. 45(c)(1).

29. Plaintiff's Renewed Motion for Preliminary Injunction (ECF No. 35) is pending and has been fully briefed.

30. This case is ready for trial. Under Fed. R. Civ. P. 65(a)(2), the hearing on the Renewed Motion for Preliminary Injunction may be consolidated with the trial on the merits of this action.

31. No party has requested trial by jury.

## Request for Relief

32. Red Hawk respectfully requests that this Court set this case for trial at the Court's earliest available date and to set such other pre-trial dates and deadlines as the Court deems appropriate.

## Basis for Relief

33. Courts have discretion to broad discretion to schedule matters for trial and control their dockets under Fed. R. Civ. P. 16. E.g. *Hall v. Navarre*, 118 F.4th 749, 754 (6th Cir. 2024).

34. This case is now well over a year old, discovery has been completed, no dispositive motions have been or will be filed, and the

7

pending Renewed Motion for Preliminary Injunction shares significant overlap with respect to the issues to be decided and the evidence to be presented.

35. The film that is the subject of this lawsuit cannot be used or sold by either party during the pendency of this lawsuit, and the value of the film is quickly diminishing. See Red Hawk's Motion for Partial Relief from Preliminary Injunction and Entry of Order Permitting Sale of Film, ECF No. 27,[2] and Unlucky's Reply Brief in Support of the Renewed Preliminary Injunction Motion, ECF No. 46, PageID 901 (complaining, among other things, of Unlucky's "inability to pursue business opportunities only available to it with a finished film or ability to finish its film").

## Conclusion

36. Therefore, it is in the Court's discretion to schedule trial as it deems appropriate, and it is in the best interests of both parties for trial to be scheduled at the earliest opportunity.

---

[2] Red Hawk is informed that there is still some interest in purchasing the film, but Red Hawk has not had any recent discussions concerning a sale of the film.

WHEREFORE, Red Hawk respectfully requests that this Honorable Court enter an order setting a trial date at the earliest available date and setting such other dates and deadlines as the Court deems appropriate, and granting such other relief in favor of Red Hawk as is just and equitable.

                                 HEILMAN LAW PLLC

Dated: April 4, 2025       By: /s/ Ryan D. Heilman
                                    Ryan D. Heilman (P63952)
                                    Attorney for Red Hawk Films, Inc.
                                    40900 Woodward Ave., Suite 100
                                    Bloomfield, MI 48304
                                    (248) 835-4745
                                    ryan@heilmanlaw.com

STERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM INC.,** | **2:24-CV-10149-TGB-EAS** |
| Plaintiff, | Hon. Terrence G. Berg |
| vs. | |
| **RED HAWK FILMS, INC.,** | Magistrate Judge Elizabeth A. Stafford |
| Defendant/Counter-Plaintiff. | |

**BRIEF IN SUPPORT OF MOTION REQUESTING THAT THE COURT SET A TRIAL DATE**

In support of the Motion Requesting that the Court set a Trial Date filed by Defendant/Counter-plaintiff Red Hawk Films, Inc. ("Red Hawk"), Red Hawk relies on Federal Rule of Civil Procedure 16 and this Court's inherent power to control its docket, as well as Plaintiff's concurrence in the relief requested. The facts supporting the request are set forth in the Motion.

HEILMAN LAW PLLC

Dated: April 4, 2025  By: /s/ Ryan D. Heilman
Ryan D. Heilman (P63952)
Attorney for Red Hawk Films, Inc.
40900 Woodward Ave., Suite 100
Bloomfield, MI 48304
(248) 835-4745
ryan@heilmanlaw.com