UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM INC.,** | **2:24-CV-10149-TGB-EAS** |
| Plaintiff, | Hon. Terrence G. Berg |
| vs. | |
| **RED HAWK FILMS, INC.,** | Magistrate Judge Elizabeth A. Stafford |
| Defendant/Counter-Plaintiff. | |

**DEFENDANT'S CORRECTED RESPONSE TO
JESSICA FLEETHAM'S SECOND MOTION
<u>FOR WITHDRAWAL AS COUNSEL FOR PLAINTIFF</u>**

Defendant and Counter-plaintiff Red Hawk Films, Inc. ("<u>Red Hawk</u>") states as follows for its Response ("<u>Response</u>") to Jessica Fleetham's Second Motion Requesting for Withdrawal as Counsel for Plaintiff ("<u>Motion</u>"):

<u>**Limited Concurrence**</u>

1.     Red Hawk has no objection to the relief requested by Ms. Fleetham in the Motion, provided that her withdrawal does not create any further delay in this matter.

## Brief Statement of Facts

**A.     This is the Fifth Withdrawal of Counsel for Plaintiff.**

2.      Ms. Fleetham is Plaintiff's *fifth* attorney of record in this case. All other attorneys have filed motions to withdraw.

3.      This case was commenced on January 19, 2024 with Howard & Howard Attorneys PLLC acting as counsel for Plaintiff. On March 28, 2024, only sixty-nine days after filing the Complaint, Howard & Howard withdrew. ECF No. 15.

4.      Augustine O Igwe, P.C. substituted in as counsel, then moved to withdraw only twenty-one days later. ECF No. 18.

5.      On May 1, 2024, Rossman, P.C. filed notices of appearance on behalf of Unlucky, and seventy-five days later filed a motion to withdraw. ECF No. 25.

6.      On August 14, 2024, Enrico Schaefer of Traverse Legal substituted in as counsel for Plaintiff. ECF No. 28. Mr. Schaefer moved to withdraw fifty-one days later on October 4, 2024. ECF No. 31.

7.      On October 25, 2024, Ms. Fleetham of Evia Law PLC substituted in as Plaintiff's counsel. ECF No. 33. Ms. Fleetham previously moved to withdraw only twenty-seven days later on

November 21, 2024. ECF No. 36. Ms. Fleetham's first motion to

withdraw was withdrawn on December 3, 2024. ECF No. 39.

**B.     Plaintiff Personally Represented that Further
        Withdrawals Would Not Occur.**

8.     Timothy Mucciante, the owner and representative of

Plaintiff, was twice personally warned by this Court regarding further

withdrawals of counsel. First during a telephonic status conference held

on April 30, 2024, and second during an in-person hearing held on

August 13, 2024 to consider the Rossman, P.C.'s motion to withdraw.

Both times, Mr. Mucciante indicated that he understood the Court's

admonishment and that there would be no further withdrawals of

counsel.

**C.     Plaintiff Appears to Have No Source of Funds and
        Appears to be Actively Defrauding Members of the
        Bar and this Court.**

9.     Plaintiff has established a standardized scheme, routine

practice or mode of operation to avoid making payments, which Plaintiff

has employed in (i) Plaintiff's failure to pay Red Hawk which is the

subject of this lawsuit, (ii) Plaintiff's failure to pay its attorneys in this

matter, and (iii) Plaintiff's failure to pay its attorneys in other matters.

10.    This method is to claim that Plaintiff has funds in overseas accounts, but that there are always various problems in accessing or transferring those funds. Plaintiff makes promises of payment, and inevitably reneges, claiming that some issue prevents payment from occurring. See, e.g., Reply Brief in Support of Red Hawk's Motion for Partial Relief from Preliminary Injunction and Entry of an Order Permitting Sale of Film. ECF No. 30, including exhibit 2 (PageID.568-77), exhibit 4 (PageID.583-88) and exhibit 5 (PageID.592).

11.    This is precisely the practice used once again by Plaintiff in this instance: "Plaintiff has indicated payments have been sent and appear to be in process, but they have not yet been received." Motion, at p. 4 (PageID.923).

12.    In addition to this lawsuit, Plaintiff has filed suit against Red Hawk's editor Borzu Mehrad in the Superior Court of New Jersey, Essex County, ESX-L-006839024. This case was filed on October 3, 2024 and by December 4, 2024, Plaintiff's counsel had already filed a motion to withdraw. Exhibit A.

13.    Additionally, in a _**sworn**_ Declaration dated August 16, 2024, Mr. Mucciante represented to this Court that it had transferred

4

$120,000 to an account held by Rossman, P.C. and would transfer

another $120,000 to an account held by Mr. Schaefer. Exhibit B, ¶¶12-

13.

14.    Plaintiff's counsel, Mr. Schaefer, acknowledged on

September 30, 2024 during a telephonic status conference with this

Court that **_neither of these transfers were ever made by Plaintiff_**.

15.    Plaintiff further represented to the Court that it "has all the

necessary resources to continue this litigation and to consider

settlement of this matter." Exhibit B, ¶14.

16.    Considering that Plaintiff is unable to pay counsel not only

in this litigation but also in other litigation throughout the country, it

appears that Mr. Mucciante perjured himself and that Plaintiff lacks

resources to pay counsel or consider a settlement in this matter.

## Argument

17.    Plaintiff has kept this litigation going for more than a year

through fraud and deceit based on repeated false representations

that Plaintiff has sufficient funds to pay its counsel and settle this

matter.

But Plaintiff has not paid five different law firms and has not settled this matter.

18.    All delays in this litigation cause Red Hawk real damages. The Film that is the subject of this litigation is decreasing in value. Red Hawk's attorneys' fees are mounting. Red Hawk's reputation is suffering due to the false accusations leveled by Plaintiff.

19.    Red Hawk is entitled to its day in Court to prove Unlucky's allegations are false and to obtain a judgment against Unlucky for the amounts due and owing to Red Hawk.

## Conclusion

20.    Therefore, for the reasons stated above and in Red Hawk's Motion that the Court Set a Trial Date (ECF No. 48), Red Hawk requests that the Court promptly rule on Ms. Fleetham's Second Motion to Withdraw as Counsel in such a way that there is no further delay in this case, and set a trial date at the earliest opportunity.

Respectfully submitted,


HEILMAN LAW PLLC


Dated:  April 11, 2025          By:  /s/ Ryan D. Heilman
                                     Ryan D. Heilman (P63952)
                                     Attorney for Red Hawk Films, Inc.
                                     40900 Woodward Ave., Suite 100
                                     Bloomfield, MI 48304
                                     (248) 835-4745
                                     ryan@heilmanlaw.com

### EXHIBIT INDEX

| EXHIBIT A | Buchanan Ingersoll & Rooney PC Motion to Withdraw as Counsel for Unlucky Film Inc. |
|---|---|
| EXHIBIT B | Declaration of Timothy Mucciante Regarding Settlement Funds |

EXHIBIT A

Christopher J. Dalton (024481994)                          *Return Date: December 20, 2024*
Melissa J. Bayly (112682015)
**BUCHANAN INGERSOLL & ROONEY PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
(973) 273-9800
*Attorneys for Plaintiff,*
  *Unlucky Film Inc.*

|  |  |
|---|---|
| UNLUCKY FILM INC., | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY – LAW DIVISION |
| *Plaintiff,* | DOCKET NO. ESX-L-006839-24 |
| v. | **CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |
| BORZU MEHRAD, | |
| *Defendant.* | |

CHRISTOPHER J. DALTON certifies as follows:

1.      I am an attorney at law of the State of New Jersey, a member of the Bar of this Court, a Shareholder in the firm of Buchanan Ingersoll & Rooney PC (Buchanan), and counsel for Unlucky Film Inc. (Unlucky) in this matter.

2.      On September 10, 2024, Unlucky retained Buchanan. Buchanan commenced work on this matter, and filed the operative complaint on October 3, 2024.

3.      Defendant filed an Answer and Counterclaim on November 12, 2024.

4.      Professional considerations have arisen between Buchanan and Unlucky which require termination of the representation and withdrawal from the pending matter.

5.      Buchanan has attempted to resolve with Unlucky the issues which have arisen, but has been unable to do so.

6.      Based upon the foregoing, I respectfully request the Court enter an order permitting

withdrawal of the appearance of Buchanan Ingersoll & Rooney PC in this action.


I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements are willfully false, I am subject to punishment.




                                        _____s/Christopher J. Dalton_____
                                        Christopher J. Dalton

December 4, 2024

2

# Buchanan Ingersoll & Rooney PC

Christopher J. Dalton
973-424-5614
christopher.dalton@bipc.com

550 Broad Street, Suite 810
Newark, New Jersey 07102

T 973-273-9800
F 973-273-9430
www.bipc.com

December 4, 2024

**Via eCourts**
Hon. Aldo J. Russo, J.S.C.
Superior Court of New Jersey
Essex County – Law Division
Essex County Hall of Records
465 Dr. Martin Luther King, Jr. Blvd., 3rd Floor
Newark, New Jersey 07102

Re:    Unlucky Film, Inc. v. Mehrad
        Docket No. ESX-L-6839-24
        *Motion to Withdraw as Counsel – Returnable Friday December 20, 2024*

Dear Judge Russo:

Buchanan Ingersoll & Rooney PC (Buchanan) represents Plaintiff Unlucky Film Inc. (Unlucky) in this matter. We ask that you accept this letter in lieu of a more formal submission in support of counsel's application to withdraw.

As set forth in my accompanying declaration, Unlucky engaged Buchanan in September 2024. Buchanan commenced work on this matter, filing the operative complaint on October 3, 2024; Defendant filed an Answer and Counterclaim on November 12, 2024. However, professional considerations have arisen between Buchanan and Unlucky which require termination of the representation and withdrawal from the pending matter.

Whether to grant leave to withdraw rests in the discretion of the court:

An attorney who appears of record may withdraw from a case for justifiable and lawful cause, after giving proper notice and obtaining leave of court. The granting of leave by the court is generally in the discretion of the court and depends upon

Hon. Aldo J. Russo, J.S.C.
December XX, 2024
Page - 2 -

such considerations as proximity of the trial date and possibility for the client to obtain other representation.

Justifiable cause for an attorney's withdrawal includes the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so.

Even though an attorney who has entered an appearance of record for a client may ordinarily be justified in requesting withdrawal, he must make his application promptly for the purpose of affording his client an opportunity to obtain other counsel sufficiently in advance of the trial date as will permit reasonable preparation.

*Jacobs v. Pendel*, 98 N.J. Super. 252, 255-56 (App. Div. 1967) (citations omitted).

Buchanan has attempted to resolve with Unlucky the issues which have arisen, to no avail. Consequently, Buchanan seeks to withdraw. Fortunately, this matter is in its infancy, with an initial discovery end date of April 11, 2025, which will allow Unlucky sufficient time to retain new counsel without significantly affecting the current discovery end date.

For these reasons, we respectfully request that the Court permit counsel to withdraw and allow Unlucky to retain new counsel.

Respectfully submitted,

*s/ Christopher J. Dalton*

Christopher J. Dalton

CJD/

EXHIBIT B

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

**UNLUCKY FILM INC.,**

**Plaintiff,**

**vs.**                                                   **2:24-CV-10149-TGB-EAS**

**RED HAWK FILMS, INC.,**                                **HON. TERRENCE G. BERG**

**Defendant.**

-----------------------------------------------------

### Declaration of Timothy Mucciante Regarding Settlement Funds

1.      My name is Timothy Mucciante, and I am the president/CEO and soul shareholder of Unlucky Film Inc.

2.      I am detailing in this declaration general conversations with my former attorney, Mark Rossman and his staff, regarding the genesis and status of funds available for settlement of the above-referenced matter. These disclosures are in general only, and are not intended to waive any attorney client privilege.

3.      Sometime ago I indicated to Mr. Rossman that I intended to transfer via wire $120,000 to settle the above-referenced matter. I was provided with wire instructions for Flagstar Bank. (See attached Exhibit A)

4.      Shortly after I was provided with the original wire instructions and Mr. Rossman's firm was established in our treasury management system, I was advised by Mr. Rossman's bookkeeper, Kora Boff, that the firm's IOLTA account was hacked.

5.      As a result, Ms. Boff provided me with alternate wire instructions, which she said was also for Flagstar Bank.

6.      When those instructions were used to again establish Mr. Rossman's firm in our treasury management system, the system indicated that the ABA routing number was wrong. (See attached Exhibit B)

7.      I reached out to to the firm and expressed grave concerns as to using an accurate ABA routing number. I received a response from the firm that the ABA routing number was correct for Flagstar Bank, which our system was still indicating was not true. Also an Internet search revealed the same thing, that the ABA routing number was for New York Community Bank, not Flagstar Bank. (See attached Exhibit C)

8.      As a result, that wire transfer was put on hold.

9.      As this was several months ago, I frankly forgot about the matter and in my mind the wire transfer to Mr. Rossman had been completed.

10.     This is the information that I shared with a current attorney, Enrico Schaefer, that the transaction had been completed.

11.     After the hearing on Tuesday, August 13, 2024, on the morning of August 14 Mr. Rossman reached out and indicated that in fact no funds have

been wired. When I checked our treasury management account, I found the same thing and then reviewing my notes, I remembered why the wire was not completed.

12.     Yesterday, August 15, 2024 I visited a local Flagstar Bank branch and explained the issue. The bank representative called the wire room at Flagstar Bank and the matter was clarified. The settlement funds have now been sent to Mr. Rossman's account. I know at this time he is not representing the plaintiff, but I feel it is important to fulfill my original representation to Mr. Rossman, Mr. Schaefer and the court.

13.     In addition, a separate amount of $120,000 is being sent directly to Mr. Schaefer's office.

14.     The plaintiff has all necessary resources to continue this litigation and to consider settlement of this matter.


Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on August 16, 2024 in East Lansing, Michigan.


Timothy Mucciante