UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**RED HAWK FILMS, INC.,**<br><br>Defendant. | **2:24-CV-10149-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING UNLUCKY FILM, INC.'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br>**(ECF NO. 35)** |

Unlucky Film, Inc. ("Unlucky") hired Red Hawk Films, Inc. ("Red Hawk) to produce a documentary about Anthony Broadwater, a famous exoneree. ECF No. 1, PageID.2. Unlucky and Red Hawk's relationship broke down, and Unlucky and Red Hawk filed claims against each other for breach of contract. Now, Unlucky moves this Court for a preliminary injunction requiring Red Hawk to turn over its materials relating to the documentary to Unlucky, as well as other relief, or, in the alternative, turn over the materials to a third party. After reviewing the record and the law, and considering the arguments of the parties at the hearing on the motion held on July 11, 2025, the Court finds that Unlucky is not entitled to a preliminary injunction. Therefore, Unlucky's Motion will be **DENIED**.

# I. BACKGROUND

## A. The Contract

Red Hawk agreed pursuant to a production services agreement ("the Contract") that they would produce a documentary movie ("the Film") for Unlucky. *See* ECF No. 35-2, PageID.650. The Contract provides that Red Hawk would prepare detailed production reports for Unlucky, and furnish such reports to Unlucky "on a monthly basis, or as required by [Unlucky] taking into account the flow of production." *Id.* at PageID.651 ("Production Reports"). And the Contract provides that unless Red Hawk was in material breach, Unlucky agreed to advance Red Hawk the costs of production. ECF No. 45-2, PageID.837 ("Production Financing and Compensation"). The Contract also requires Red Hawk to keep the Materials confidential. ECF No. 35-2, PageID.655-56 ("Confidentiality").

## B. The Working Relationship Fails

After the Contract was formed, Unlucky and Red Hawk's working relationship broke down. Unlucky asserts that Red Hawk failed to provide the required monthly statements of costs. ECF No. 35, PageID.637-39; ECF No. 35-2, PageID.651. Red Hawk responds that they provided the statements that the Contract required them to provide. *See* ECF No. 45, PageID.824-25.

Red Hawk asserts that Unlucky failed to provide them with contractually required advances. *Id.* at PageID.815-17. Red Hawk

terminated production in January 2022 after failing to receive advances, *id.* at PageID.817, and Unlucky brought this lawsuit in January 2024. *See* ECF No. 1.

### C. Procedural History

Unlucky alleges that Red Hawk breached the Contract, and seeks relief including Red Hawk having to return the Materials to Unlucky. ECF No. 1, PageID.15-16. Red Hawk filed counterclaims asserting it is entitled to recover $185,206.88 in contractual damages from Unlucky, and that it is entitled to recover for damages to Red Hawk's reputation and arising from loss of opportunities. ECF No. 10, PageID.161-62.

The parties have moved for the Court to issue preliminary injunctions at several points during this lawsuit. At one point, the parties stipulated that Red Hawk would not transfer the Materials to any third party. *See* ECF No. 23. Red Hawk effectively withdrew this stipulation by moving to set aside what it believed was a preliminary injunction, ECF No. 27, although no injunction existed at the time. Red Hawk sought to do so in order to be able to sell the Materials to a third party. *Id.* at PageID.400. Because no injunction had issued, the Court denied Red Hawk's Motion on October 31, 2024. *See Text-Only Order of October 31, 2024, Denying Red Hawk's Motion to Set Aside Preliminary Injunction Order, for Reasons Stated on the Record.* Afterwards, Unlucky filed the instant Motion for a Preliminary Injunction, seeking to create a binding court order to prevent Red Hawk from transferring the Materials, and in

3

fact to compel Red Hawk to transfer the Materials to Unlucky. *See* ECF No. 35.

The Court held a hearing on Unlucky's Motion for a Preliminary Injunction on July 11, 2025. At the hearing, counsel for Red Hawk represented that Red Hawk had no intention to transfer, destroy, or impermissibly disclose the Materials. Counsel for Red Hawk also represented that at no point had Red Hawk disclosed confidential information to third parties in violation of the Contract. Red Hawk represented that because both parties currently seek an early trial date, that it would wait until the resolution of this lawsuit to take further steps concerning the Materials.

## II. ANALYSIS

### A.   Determining Whether an Injunction Should Issue

The parties and the Court agree that the Court must apply the following standard:

> When deciding whether to issue a preliminary injunction, the district court considers the following four factors:
>
> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also* ECF No. 35, PageID.635; ECF No. 45, PageID.821.

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Leary*, 228 F.3d at 739 (*quoting Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). Upon consideration of the four factors from *Leary*, the Court finds that a preliminary injunction need not issue: the Court is satisfied with Red Hawk's representations that it does not intend to transfer or otherwise harm the Materials in advance of what will be an early trial.

### 1. Unlucky Will Not Suffer Irreparable Injury in the Absence of a Preliminary Injunction

The Court analyzes the *Leary* factors "out of order" because the irreparable harm factor is the most important to the Court's analysis. The Court finds that there is a low probability that Unlucky will suffer irreparable harm in the absence of a preliminary injunction. This makes the issuance of such an injunction inappropriate.

Unlucky argues that they will suffer irreparable harm in the absence of a preliminary injunction because "without an injunction, Red Hawk will continue to try to sell the [Materials]" to a third party, in violation of the Contract. ECF No. 35, PageID.641-43. Because the Materials are confidential, and because Unlucky asserts that they own

5

the copyright in the Materials, Unlucky asserts that unless Red Hawk transfers the Materials to Unlucky or a third party, Unlucky will suffer irreparable harm. *Id.*

Unlucky also states that there is a significant risk that Red Hawk will destroy the Materials absent an injunction, and that Unlucky suffers irreparable harm by virtue of not being able to distribute the Materials as they see fit. *Id.* at PageID.643-45.

However, to receive an injunction, the irreparable harm warned of "must be both certain and immediate, not speculative or theoretical." *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327 (6th Cir. 2019) (*quotations removed, quoting Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)). Here, Red Hawk represents that they have no intention to transfer, disclose, or harm the Materials in advance of what will be an early trial date. Red Hawk also represents that they have not disclosed confidential Materials to third parties. Because the Court confirmed on October 31, 2024 there was no order of this Court specifically preventing Red Hawk from transferring the Materials, it would technically have been possible for Red Hawk to attempt to transfer the Materials since that time. But Red Hawk did not transfer the materials.

Where Red Hawk has not caused the threatened irreparable harm for months, even though it could have, and where Red Hawk represents that they will not take any steps that would cause the alleged irreparable

6

harm until this matter is resolved after a trial and the rights of the parties resolved, the Court finds that Unlucky can only point to a "speculative and theoretical" risk of irreparable harm. The Court finds Red Hawk's representations that they will not transfer or harm the Materials to be credible.

Moreover, even if Unlucky is unable to control the Materials between now and trial, the Court finds that this is not irreparable harm. When the loss of control will be only for a short period, this alleged harm could be compensated for with money damages: it would be possible to calculate the extent to which this loss of control (if it is inappropriate) has harmed Unlucky. Additionally, Unlucky's right to control the Materials could be returned to it following a trial. This prevents the temporary loss of control of the Materials from being irreparable harm. *Cf. Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ([A] plaintiff's harm is not irreparable if it is fully compensable by money damages. However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate."). Even if temporary loss of control is a minor irreparable harm, it is so minor that it does not justify the extreme relief of a preliminary injunction.

Because Unlucky has only asserted a speculative risk of irreparable harm if an injunction does not issue requiring Red Hawk to transfer the Materials to Unlucky or a third party, the Court finds that the

7

extraordinary relief of a preliminary injunction is inappropriate. Unlucky's Motion will be **DENIED**.

### 2. Without Irreparable Injury, an Injunction is Inappropriate

A district court in the Sixth Circuit "abuses its discretion 'when it grants a preliminary injunction without making specific findings of irreparable injury.'" *D.T.*, 942 F.3d at 327 (*quoting Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *D.T.*, 942 F.3d at 327 (emphasis in original). "Thus, a district court is 'well within its province' when it denies a preliminary injunction based solely on the lack of an irreparable injury." *D.T.*, 942 F.3d at 327 (*quoting S. Milk Sales, Ind. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991)).

Here, the Court has found that Unlucky has not shown a sufficient probability that it will suffer irreparable injury in the absence of a preliminary injunction. Therefore, the Court would abuse its discretion if it granted Unlucky a preliminary injunction, regardless of the other factors that courts traditionally examine to determine whether an injunction is appropriate. "[A]lthough the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *D.T.*, 942 F.3d at 327 (emphasis in original). The Court therefore need not consider the other preliminary injunction factors.

8

Unlucky's Motion for a Preliminary Injunction is **DENIED** for lack of irreparable harm.

### III. CONCLUSION

Therefore, Unlucky's Renewed Motion for a Preliminary Injunction, ECF No. 35, is **DENIED**.

**SO ORDERED.**

Dated: July 16, 2025        /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE