UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Unlucky Film Inc.** <br><br> Plaintiff, <br><br> vs. <br><br> **Red Hawk Films, Inc.** <br><br> Defendant. | **2:24-cv-10149-TGB-EAS** <br><br> **TRIAL NOTICE** <br><br> HONORABLE <br> TERRENCE G. BERG |

| EVENT | DEADLINE |
|---|---|
| Motions *in Limine* due | TWO WEEKS before final pretrial conference |
| Final Pretrial Order due | ONE WEEK before final pretrial conference |
| Settlement Statements | ONE WEEK before settlement conference[1] |
| Final pretrial conference and settlement conference | Tuesday, September 30, 2025 at 10:00 a.m. |
| Trial date | Tuesday, October 14, 2025 at 8:30 a.m. |
| Estimated length of trial | 4 days |
| **NON-JURY TRIAL** | |

---

[1] Settlement Statements are CONFIDENTIAL and should NOT be filed on the docket. Accordingly, they should be submitted by email, addressed to efile_berg@mied.uscourts.gov. See Section III of this Trial Notice for more requirements regarding the Settlement Conference and Settlement Statements.

The following practices shall govern the conduct of this case:

I. **FINAL PRETRIAL CONFERENCE.**

At this conference, usually scheduled one week prior to trial, the Court will discuss trial procedures and final pretrial matters including the trial schedule, parties' proposed voir dire questions and jury instructions, as well as any issues related to witnesses and exhibits. Motions in limine will also be heard at the conference in order to avoid delay in the selection of the jury on the first day of trial. Unless the Court instructs otherwise, the parties must submit their witness lists one week prior to the final pretrial conference. In addition, the parties must also **jointly prepare** and submit their proposed voir dire questions, jury instructions, and verdict form. These jointly prepared documents must be submitted directly to chambers using the Proposed Orders function in CM/ECF and should NOT be filed on the docket.

II. **FINAL PRETRIAL ORDER.** The proposed Joint Final Pretrial Order must be submitted through the proposed orders function of CM/ECF on or before the date set by this order, which shall be no later than one week before the date of Final Pretrial Conference.

All witnesses must be listed in the Final Pretrial Order. Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court. Counsel shall follow the procedure outlined in the court's practice guidelines to prepare for the final pretrial conference and the Final Pretrial Order. The parties shall prepare the Joint Final Pretrial Order in conformance with all of the requirements of Local Rule 16.2.

III. **SETTLEMENT CONFERENCE.**

The parties shall adhere to the following procedures:

A. **All parties with settlement authority are required to be present.** An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be made in whole or part by an insurer, the insurer must send a representative in person with full and complete authority to make settlement decisions. A corporate party must send an authorized representative with full and complete authority to bind the company. A governmental entity must send an authorized representative with full and complete authority to bind the governmental

entity. Failure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel.

B. **Seven days before the settlement conference, the parties shall submit confidential, ex-parte settlement statements directly to chambers. DO NOT FILE THESE STATEMENTS WITH THE COURT[2].** The statements shall be limited to five (5) pages, and shall include the following:

   a. A brief description of the nature of the case;

   b. The parties' perceived strengths and weaknesses of their respective positions;

   c. A brief summary of all settlement discussions that have taken place to date, including the history of any offers/counter-offers that have been made;

   d. A statement of why the most recent demand or offer was rejected; and

   e. A realistic statement of what the party requires in order to

---

[2] Statements should be submitted by email, addressed to efile_berg@mied.uscourts.gov.

        settle the case.

    f. Counsel may also attach up to five exhibits, which are deemed to be *particularly crucial* to demonstrate the parties' positions.

C. **One attorney for each party should be prepared to give a short summary of their case at the beginning of the settlement conference.** The summary should identify the remaining issues in the case and the evidence that supports the party's position on those issues.

IV. **REQUIRED PRIOR TO TRIAL.** <u>At least ONE WEEK</u> prior to the beginning of trial, counsel shall furnish to the court the following:

    1. In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>. The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form. The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to

which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

2. In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

3. A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V. **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial.  Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive number and lettering system should be used by each party.  The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who

objects to this provision must file a written objection prior to jury selection.

VI. **JUDGE'S COPIES.** An electronic copy of the proposed Final Pretrial Order, and proposed joint Jury Instructions, and verdict form, must be submitted through the proposed orders function of CM/ECF.

BY THE COURT:

s/Terrence G. Berg

HONORABLE TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

CASE MANAGER:  Emily Vradenburg
PHONE: (313) 234-2644

| | |
|---|---|
| PRETRIAL | Final Pretrial Order is generally due one (1) week before final pretrial conference.  Witnesses may only be added to the final pretrial order by stipulation of the parties and leave of court.  Final pretrial conference usually held one week prior to trial. Parties and/or persons with settlement authority must be present. |
| TRIAL | Attorneys are responsible to ascertain the status of the trial date.  Marked exhibits are to be exchanged three (3) days prior to trial. |
| | Benchbook of exhibits is required.  If trial briefs are required by the court, they must be filed one (1) week prior to trial.  File motions in limine no later than two (2) weeks prior to the final pretrial conference.  Trial is usually held 9:00 a.m. to 3:00 p.m. daily. |
| NON-JURY | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| JURY | Voir dire by court.  Submit proposed voir dire one (1) week prior to trial.  Proposed joint jury instructions and verdict form due one (1) week prior to trial.  Electronic submission through the proposed orders function of CM/ECF required. |