**UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF MICHIGAN**

UNLUCKY FILM INC.,
a Michigan Corporation,

    Plaintiff,                      Case No. 2:24-cv-10149-TGB-EAS

v.                                   Hon.  Terrence G. Berg

RED HAWK FILMS, INC.,        Magistrate Judge Elizabeth A. Stafford
a New York Corporation,

    Defendant.

---

**RICHARD M. SHULMAN'S MOTION FOR WITHDRAWAL
AS COUNSEL FOR PLAINTIFF**

Pursuant to Local Civil Court Rule 83.25, Richard M. Shulman (Bar No. P51931), counsel for Plaintiff, Unlucky Film Inc., hereby moves to withdraw himself as counsel for Plaintiff, Unlucky Film Inc. pursuant to 83.25(b)(1)(B).

Respectfully submitted,

LAW OFFICE OF RICHARD M. SHULMAN

/s/Richard M. Shulman (P51931)
By:_____
Richard M. Shulman (P51931)
Counsel for Plaintiff
23855 Northwestern Hwy
Southfield, MI 48075
248-621-3711
rshulman@rshulmanlaw.com

Dated: October 1, 2025

**UNITED STATES DISTRICT FOR THE**
**EASTERN DISTRICT OF MICHIGAN**

UNLUCKY FILM INC.,
a Michigan Corporation,

    Plaintiff,	Case No. 2:24-cv-10149-TGB-EAS

v.	Hon.  Terrence G. Berg

RED HAWK FILMS, INC.,	Magistrate Judge Elizabeth A. Stafford
a New York Corporation,

    Defendant.

_____/
Richard M. Shulman (P51931)
Attorney for Plaintiff Unlucky Film, Inc.
23855 Northwestern Hwy.
Southfield, MI 48075
(248) 621-3711 main
(248) 353-0431 fax
rshulman@rshulmanlaw.com

Ryan D. Heilman (P63952)
Attorney for Red Hawk Films, Inc.
40900 Woodward Ave., Suite 100
Bloomfield, MI 48304
(248) 835-4745
ryan@heilmanlaw.com
_____/

**BRIEF IN SUPPORT OF RICHARD M. SHULMAN'S MOTION FOR WITHDRAWAL AS COUNSEL FOR PLAINTIFF**

## MOST CONTROLLING AUTHORITY

*Davis v. State Farm Fire & Cas. Co.,* 351 Fed. Appx. 990 (6th Cir. 2009)

L.R. 83.25(b)(1)(B)

MRPC 1.16

## QUESTION PRESENTED

Whether the Court should permit Richard M. Shulman to withdraw as counsel for Plaintiff Unlucky Film Inc.

## STATEMENT OF FACTS

This matter comes before this Honorable Court upon Plaintiff Unlucky Film, Inc.'s counsel's motion for withdrawal. Mr. Shulman was engaged by to represent Unlucky Film Inc., in the above-captioned matter involving breach of contract, injunctive relief, and counterclaim filed by the opposing party.

By way of a brief history, Mr. Shulman, was asked to attend a hearing on July 11, 2025, because Unlucky's former counsel had filed a Motion to Withdraw from the case. Based upon representations made to counsel at the time he agreed to attend the hearing.

As a result of the representations made at the July hearing, the court granted former counsel's Motion to Withdraw, and issued an order stating,

> Plaintiff Unlucky is hereby ORDERED to have new counsel file an appearance in this matter on or before Friday, July 18, 2025. Whether new counsel enters an appearance or not, the Court will GRANT current counsels pending Motion for Withdrawal, (ECF No. 47 ), on or after July 18, 2025. If no new counsel enters an appearance for Plaintiff Unlucky, as stated on the record, the Court will consider whether Plaintiffs repeated failures to retain counsel present sufficient grounds to dismiss the complaint for failure to prosecute.

Because Plaintiff had written a check to counsel that had not yet cleared, counsel reached out to the court to obtain a short extension of the previous order. On July 18, 2025, the court issued the following on order:

> At the request of the Plaintiff, and for good cause shown, the Court hereby extends the deadline for the Plaintiff's counsel to file an appearance in this matter to Friday, July 25, 2025. This will be the ONLY extension and is in accordance with the Courts previous Text-Only Order dated July 16, 2025. Plaintiff's repeated failures to retain counsel in this matter having introduced undue delay

3

and prejudice to the opposing party, failure to meet this deadline may result in dismissal for failure to prosecute.

Counsel undertook to represent Plaintiff based on his client's representations that payment would be forthcoming for his involvement, and despite his client's assurances that payment would be forthcoming, no such payment has been accomplished.

Counsel cannot take on this matter without the compensation that had been agreed to by counsel and client. If this court were to force counsel to remain on the case, without relieving him of his legal duty to continue on in this matter, would create an undue burden upon counsel's resources and would impair his ability to effectively provide the representation, as counsel does not have the resources necessary to devote to this matter to the exclusion of other matters within his office that will provide income to counsel.

Discovery in this matter is now closed, and this matter is currently scheduled for trial. In order to avoid any risk of prejudice to his client, counsel requests that this court grant a continuance to give Plaintiff an opportunity to seek replacement counsel so that his claims may be fairly determined.

## **LEGAL ANALYSIS**

Federal courts in Michigan apply the Michigan Rules of Professional Conduct (MRPC) for questions of attorney withdrawal. *Davis v. State Farm fire & Cas. Co.,* 351 Fed. Appx. 990 (6th Cir. 2009); *see also* L.R. 83.22(b). MRPC 1.16 states in relevant part:

> (b) Except as stated in paragraph (c), after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> > (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> >
> > (2) the client has used the lawyer's services to perpetrate a crime or fraud;
> >
> > (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
> >
> > (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> >
> > (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> >
> > (6) other good cause for withdrawal exists.

Plaintiff, through its owner Mr. Mucciante, is aware that counsel cannot withdraw without permission from the Court in this case. Plaintiff has likewise been

given reasonable warning of this Motion.

Counsel requests withdrawal under MRPC 1.16(b)(4) and/or (5) for nonpayment of Counsel's fees for work done on this matter. Plaintiff has repeatedly indicated payments have been sent and appear to be in process, but they have not yet been received. Counsel has given Plaintiff reasonable notice of this request for withdrawal, has allowed time for employment of other counsel, and will return Plaintiff's materials.

Discovery in this matter is closed and this matter is currently scheduled for trial. A lawyer has a duty to keep information concerning the attorney-client relationship confidential, including the facts that underlie the lawyer's decision to withdraw under one of the six circumstances in MRPC 1.16(b). While are certain exceptions to those duties, as set forth in Rule 1.6(c), counsel prefers to maintain Plaintiff's confidences as far as possible and unless otherwise directed by the Court. If the Court requires more details concerning this Motion, Counsel will provide that information in the manner the Court requests and to the extent permitted under the applicable Court rules and MRPC.

Respectfully submitted,

LAW OFFICE OF RICHARD M. SHULMAN

By: /s/Richard M. Shulman (P51931)
_____
Richard M. Shulman (P51931)
Counsel for Plaintiff
23855 Northwestern Hwy
Southfield, MI 48075

6

                                                          248-621-3711
                                        rshulman@rshulmanlaw.com

Dated: October 1, 2025

7