UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM INC.,**<br><br>Plaintiff,<br>vs.<br><br>**RED HAWK FILMS, INC.,**<br><br>Defendant/Counter-Plaintiff. | **2:24-CV-10149-TGB-EAS**<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANT'S *EX-PARTE* REQUESTS FOR**

**(1)   AN EXPEDITED HEARING ON DEFENDANT'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT IN FAVOR OF DEFENDANT; AND**

**(2)   PERMISSION FOR DEFENDANT'S REPRESENTATIVE TO PARTICIPATE REMOTELY IN THE FINAL <u>PRE-TRIAL AND SETTLEMENT CONFERENCE</u>**

Defendant and Counter-plaintiff Red Hawk Films, Inc. ("<u>Defendant</u>" or "<u>Red Hawk</u>") states as follows for its Request for an Expedited Hearing on Defendant's Motion for a Default Judgment (the "<u>Default Judgment Motion</u>") and for Permission for Defendant's Representative to Attend the Final Pre-Trial and Settlement Conference Remotely:

## **Brief Statement of Facts**

1. Defendant incorporates by reference the statement of facts set forth in Defendant's Default Judgment Motion (ECF No. 60), Defendant's Response (ECF No. 58) to the Motion for Withdrawal of Richard M. Shulman as Counsel for Plaintiff (the "<u>Shulman Withdrawal Motion</u>"), and Defendant's Motion for an Expedited Hearing on Richard M. Shulman's Motion for Withdrawal as Counsel for Plaintiff or for a Status Conference ("<u>Motion for Expedited Hearing on the Shulman Withdrawal Motion</u>," ECF No. 59).

2. On April 4, 2025, Defendant filed a Motion for Order Setting a Trial Date in which Defendant requested that the Court schedule a trial as expeditiously as possible, in large part in response to the withdrawal of Plaintiff's fifth attorney and the seemingly never-ending carousel of counsel and resulting delays and expenses incurred by Defendant throughout this case.

3. On July 31, 2025, the Court entered its Trial Notice (ECF No. 56) setting a non-jury trial for October 14, 2025 and a Final Pre-trial Conference and Settlement Conference for September 30, 2025.

4.    The Trial Notice requires that all parties with settlement authority are required to be present for the Settlement Conference.

5.    On September 4, 2025, the Court moved the Final Pre-trial Conference (and presumably the Settlement Conference) to November 3, 2025, and moved the trial date to November 20, 2025.

6.    Since that time, Plaintiff's sixth attorney has filed the Shulman Withdrawal Motion.

7.    The Shulman Withdrawal Motion was filed on October 1, 2025. No response or objection has been filed other than Defendant's Response requesting only that the withdrawal effect no further delay in this case.

8.    Importantly, neither Plaintiff nor Timothy Mucciante, Plaintiff's principal, have filed any response despite having had three full weeks to do so (as of the filing of the present Request).

9.    Defendant filed its Motion for an Expedited Hearing on the Shulman Withdrawal Motion on October 17, 2025. Mr. Shulman telephonically concurred in the request (although Defendant sought concurrence before filing the motion, concurrence was received telephonically on October 17, 2025 after the Motion was filed).

10. As of the filing of this Motion, no hearing has been scheduled on the Shulman Withdrawal Motion.

11. Defendant filed the Default Judgment Motion on October 20, 2025 – fourteen days before the currently scheduled Pre-Trial Conference.

12. Defendant's representative, Scott Rosenbaum, is a resident of the State of New York and works full time in the State of New York.

13. In order for Mr. Rosenbaum to attend the Final Pre-trial Conference and Settlement Conference on November 3, 2025, Mr. Rosenbaum would be required to fly to Detroit on November 2, 2025 and he would miss pre-existing commitments.

## Requests for Relief

### A. Request for an Expedited Hearing on Defendant's Default Judgment Motion

14. Defendant requests that the Court order that any response to the Default Judgment Motion be filed before the Final Pre-trial Conference and that a hearing on the Default Judgment Motion be scheduled for the same date and time as the Final Pre-trial Conference: **November 3, 2025 at 9:30 a.m.**

15. Federal Rule of Civil Procedure 6(c)(1)(C) permits a party to make an *ex-parte* request for a hearing earlier than the typical fourteen-days required under Fed. R. Civ. P. 6(c)(1)(A).

16. Defendant is not requesting that the Court reduce the typical fourteen-days notice before a hearing, but that the Court schedule the hearing on the 14th day after the Default Judgment Motion was filed.

17. Defendant is currently working to ensure compliance with the Trial Notice and will expend considerable amounts in attorneys' fees between now and the Final Pre-trial Conference. If the Default Judgment Motion is not heard and granted at or very soon after the Final Pre-trial Conference, Defendant will be required to expend substantially more in attorneys' fees and in Defendant's own time and resources preparing for trial in this matter.

18. However, for all the reasons set forth in the Default Judgment Motion, Defendant submits that the Court should enter a default judgment against Plaintiff and in favor of Defendant and spare Defendant (and the Court) the time and expense of a trial in this matter.

19. Among other reasons for scheduling a prompt hearing on the Default Judgment Motion – if the Court grants Mr. Shulmans' request to withdraw, Plaintiff will have no counsel and no ability to either prosecute Plaintiff's claims or defend against Defendant's counter-claims. In this situation, forcing Defendant to incur the substantial time and expense involved in trial preparation is neither just nor economical.

20. It further bears repeating that throughout this case, Plaintiff has incurred substantial attorneys' fees (approximately $46,000 for Plaintiff's first attorney alone), but has paid none of these fees. All while Defendant does not share the privilege of litigating for free.

21. Therefore, Defendant requests that this Court promptly schedule a hearing on the Default Judgment Motion on or before the November 3, 2025 date currently set for the Final Pre-trial Conference and Settlement Conference.

### B. Request that Mr. Rosenbaum be Permitted to Attend the Final Pre-trial Conference and Settlement Conference Remotely

22. While Mr. Rosenbaum takes this litigation extremely seriously, for the reasons set forth in Defendant's Motion for a Default

6

Judgment, Mr. Rosenbaum does not believe Plaintiff has any intent to settle this matter. Rather, Defendant believes Plaintiff is prolonging and delaying this matter purposely for the ulterior motives of (1) increasing Defendant's costs and expenses and (2) creating more content for a documentary Plaintiff claims is currently in production.

23. Given that a settlement in this matter is exceedingly unlikely,[1] that Plaintiff has wholly failed to act in good faith throughout this litigation, and that Mr. Rosenbaum would be required not only to spend the money necessary for flights and lodging to and from New York, but would also be required to forego a full business day of work, Mr. Rosenberg requests that he be permitted to attend the Final Pre-trial Conference and Settlement Conference remotely.

24. Defendant further submits that it would be unjust to require Mr. Rosenbaum to expend the time and money and opportunity costs to attend in-person in this particular case in which the burden of legal fees has been so extremely asymmetrical. This litigation has been cost-free for Plaintiff (because Plaintiff has tricked multiple attorneys into

---

[1] Counsel for Defendant reached out regarding settlement possibilities immediately after the last hearing in July and again in September and October. While Plaintiff's counsel has been responsive, Defendant has received no indication from Plaintiff of any desire to settle this matter or even to discuss settlement.

7

representation without making any payments), but has been extremely expensive for Defendant. Requiring Mr. Rosenbaum to attend an out-of-state conference would only perpetuate this asymmetrical burden and further Plaintiff's goal of ever-increasing costs to be born by Defendant.

## Conclusion

25. For all the reasons set forth above, Defendant requests that this Court (A) schedule a hearing on the Default Judgment Motion on or before November 3, 2025 and (B) permit Mr. Rosenbaum to attend the Final Pre-trial Conference and Settlement Conference remotely.

Respectfully submitted,

HEILMAN LAW PLLC

Dated: October 21, 2025

By: /s/ Ryan D. Heilman
Ryan D. Heilman (P63952)
Attorney for Red Hawk Films, Inc.
40900 Woodward Ave., Suite 100
Bloomfield, MI 48304
(248) 835-4745
ryan@heilmanlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM INC.,**<br><br>Plaintiff,<br>vs.<br><br>**RED HAWK FILMS, INC.,**<br><br>Defendant/Counter-Plaintiff. | 2:24-CV-10149-TGB-EAS<br><br>Hon. Terrence G. Berg<br><br>Magistrate Judge Elizabeth A. Stafford |

**BRIEF IN SUPPORT OF DEFENDANT'S *EX-PARTE* REQUESTS FOR**

**(1)   AN EXPEDITED HEARING ON DEFENDANT'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT IN FAVOR OF DEFENDANT; AND**

**(2)   PERMISSION FOR DEFENDANT'S REPRESENTATIVE TO PARTICIPATE REMOTELY IN THE FINAL <u>PRE-TRIAL AND SETTLEMENT CONFERENCE</u>**

For the factual basis for Defendant's[1] Requests to schedule a prompt hearing on the Default Judgment Motion and to permit Mr. Rosenbaum to attend the Final Pre-trial Conference and Settlement Conference remotely, Defendant relies on the facts set forth in the attached Request, the Shulman Withdrawal Motion (ECF No. 57),

---

[1] All capitalized terms not defined herein have the meanings set forth in the attached Requests.

Defendant's Response to the Shulman Withdrawal Motion (ECF No. 58), Defendant's Motion for an Expedited Hearing on the Shulman Withdrawal Motion (ECF No. 59), the Default Judgment Motion (ECF No. 60), and Defendant's Response to Jessica Fleetham's Second Motion for Withdrawal as Counsel for Plaintiff (ECF No. 50).

For the legal basis for Defendant's Request, Defendant relies on Federal Rule of Civil Procedure 6(c)(1)(C) as well as the Court's inherent authority to manage its docket and scheduling matters in its discretion to promote the most efficient and just administration of this lawsuit.

Respectfully submitted,

HEILMAN LAW PLLC

Dated:  October 21, 2025

By: /s/ Ryan D. Heilman
Ryan D. Heilman (P63952)
Attorney for Red Hawk Films, Inc.
40900 Woodward Ave., Suite 100
Bloomfield, MI 48304
(248) 835-4745
ryan@heilmanlaw.com

2