UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILMS INC.**, <br> Plaintiff, <br> vs. <br> **RED HAWK FILMS, INC.**, <br> Defendant. | **2:24-CV-10149-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER GRANTING MOTION FOR WITHDRAWAL OF ATTORNEY RICHARD M. SCHULMAN (ECF NO. 57),** <br><br> **DISMISSING UNLUCKY FILMS INC.'S CLAIMS,** <br><br> **DIRECTING THE CLERK OF THE COURT TO ENTER DEFAULT AGAINST UNLUCKY FILMS INC.,** <br><br> **DENYING RED HAWK FILMS, INC.'S MOTION TO EXPEDITE (ECF NO. 59) AS MOOT,** <br><br> **AND DENYING RED HAWK FILMS, INC.'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT (ECF NO. 60) WITHOUT PREJUDICE.** |

The Plaintiff in this case, Unlucky Films Inc. ("Unlucky") has been stringing this case along for almost two years by repeatedly failing to pay

1

the attorneys it hired to prosecute its case. Unlucky brought this action in January 2024 against Defendant Red Hawk Films, Inc., alleging breach of contract and breach of fiduciary duty, and seeking a declaratory judgment. ECF No. 1. Defendant Red Hawk Films, Inc. ("Red Hawk") has filed counterclaims. ECF. No. 10. In what has become a familiar pattern for Unlucky, its latest attorney, Richard M. Shulman, has filed a motion to withdraw as counsel because Plaintiff is not paying him. ECF No. 57.

The motion to withdraw is well taken and will be **GRANTED**. Moreover, because Unlucky's unwillingness or inability to maintain representation by counsel has repeatedly caused undue delay of these proceedings, to the significant prejudice of Defendant Red Hawk, and because it does not appear that Unlucky has the will or the resources needed to fund this litigation against Red Hawk, the Court will **DISMISS** Unlucky's claims and **DIRECT** the Clerk of the Court to enter a default against Plaintiff.[1]

---

[1] While the Court was preparing the present Order, Defendant filed a "Motion for Entry of a Default Judgment." ECF No. 60. However, "[a]n entry of default and a default judgment are distinct events that require separate treatment." *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004). "[A] default judgment cannot be granted until a default is entered by the Clerk." *Id.* at 305. To the extent that Defendant intended to move for an entry of default, Defendant's motion is **DENIED** as moot in light of the present Order. To the extent Defendant intended to move for a default judgment, Defendant's motion is **DENIED** without prejudice as premature. *See id.* ("To the extent plaintiff's motion, filed on December 9, 2003, was for a

I.    FACTUAL BACKGROUND

On January 19, 2024, Plaintiff, acting through its first counsel in this action, Howard & Howard Attorneys PLLC, filed the operative complaint in this action. *See* ECF No. 1. Howard & Howard Attorneys PLLC did not stay on as counsel, however.

On March 28, 2024, Augustine O. Igwe P.C., Plaintiff's second counsel in this action, was substituted as counsel. ECF No. 15.

On April 18, 2024, Augustine O. Igwe P.C. moved to withdraw as counsel for Plaintiff. ECF No. 18. In its motion, Augustine O. Igwe P.C. submitted that "there is a complete, irreparable breakdown of the attorney-client relationship" and "there have been no payment of attorneys' fees and expenses incurred." *Id.* at PageID.355.

On April 30, 2024, during a telephonic status conference, Timothy Mucciante, owner and representative of Plaintiff, was warned by the Court of the requirement of counsel for parties who are corporate entities and that the consequences of further withdrawals of counsel could suggest a lack of diligence in prosecuting his case. *See* ECF No. 50,

---

default judgment under Fed. R. Civ. P. 55(b), the motion is overruled without prejudice as premature."). Once the Clerk enters a default in accordance with this Order, Defendant may, pursuant to Fed. R. Civ. P. 55(b), file a motion for a default judgment accompanied by a proposed order for default judgment, listing the appropriate judgment amounts. *See id.*

3

PageID.954. Mr. Mucciante indicated his understanding and that there would be no further withdrawals of counsel. *Id.*

On May 1, 2024, Rossman, P.C., Plaintiff's third counsel in this action, was substituted as counsel. ECF Nos. 20, 21.

On July 15, 2024, Rossman, P.C., moved to withdraw as counsel for Plaintiff. ECF No. 25. In its motion, Rossman, P.C. submitted that "[t]here has been an irreconcilable breakdown of the attorney-client relationship with Plaintiff" and that "Plaintiff has been repeatedly notified about the issues giving rise to the breakdown in the attorney-client relationship over the course of the past two months [and] Plaintiff has been given repeated, reasonable warnings that the [Rossman, P.C.] would withdraw unless the issues were resolved." *Id.* at PageID.381–82.

On August 13, 2024, during an in-person hearing, Mr. Mucciante, was again warned by the Court on the consequences of further withdrawals of counsel. *See* ECF No. 50, PageID.954 (The Court reviewed a rough transcript of this hearing, confirming same.) Mr. Mucciante again indicated his understanding and that there would be no further withdrawals of counsel. *Id.*

On August 14, 2024, Traverse Legal, PLC, Plaintiff's fourth counsel in this action, was substituted as counsel. ECF No. 28.

On October 4, 2024, Traverse Legal, PLC, moved to withdraw as counsel for Plaintiff. ECF No. 31. In its motion, Traverse Legal, PLC

4

submitted that "there is a complete, irreparable breakdown of the attorney-client relationship." *Id.* at PageID.608.

On October 25, 2024, Evia Law PLC, Plaintiff's fifth counsel in this action, was substituted as counsel. ECF No. 33. On November 21, 2024, Evia Law PLC moved to withdraw as counsel for Plaintiff. ECF No. 36. On December 3, 2024, Evia Law PLC withdrew its motion to withdraw. ECF No. 39.

On April 3, 2025, Evia Law PLC, moved to withdraw as counsel for Plaintiff. ECF No. 47. In its motion, Evia Law PLC requested withdrawal "for nonpayment of Counsel's fees for work done on this matter." *Id.* at PageID.923. Evia Law PLC submitted that "Plaintiff has indicated payments have been sent and appear to be in process, but they have not yet been received." *Id.*

On July 11, 2025, during an in-person hearing, the Court addressed counsel's motion to withdraw and asked Mr. Mucciante whether *any* of Plaintiff's attorneys had been paid. Mr. Mucciante was unable to answer that question without looking at "the accounting." *See* ECF No. 58, PageID.1060 (The Court consulted a rough transcript of this hearing.) *See* ECF No. 58, PageID.1060. The Court warned Mr. Mucciante that a corporate entity could not proceed in court without an attorney and that if he did not comply with his obligation to obtain a lawyer, the Court would see that as an indication that he is unable to prosecute the case, and his complaint would be dismissed. *See* ECF No. 58, PageID.1060.

5

On July 16, 2025, in a text-only order, the Court ordered Plaintiff to have new counsel file an appearance. In that order, the Court again warned Plaintiff that "[i]f no new counsel enters an appearance for Plaintiff Unlucky … the Court will consider whether Plaintiff's repeated failures to retain counsel present sufficient grounds to dismiss the complaint for failure to prosecute." *See* Text-only Order dated July 16, 2025.

On July 18, 2025, in a text-only order, the Court repeated its admonishment, stating: "Plaintiff's repeated failures to retain counsel in this matter having introduced undue delay and prejudice to the opposing party, failure to meet this deadline may result in dismissal for failure to prosecute." *See* Text-only Order dated July 18, 2025.

On July 25, 2025, Richard M. Shulman, Plaintiff's sixth counsel in this action, made an appearance as counsel. ECF No. 55.

As the parties had requested an expeditious trial in this matter, the Court set a pretrial conference date of November 3, 2025 and a trial date of November 20, 2025. See Text-only Order dated September 4, 2025.

On October 1, 2025, approximately one month before trial was set to begin, Plaintiff's counsel, Mr. Shulman, moved to withdraw as counsel for Plaintiff on the grounds of non-payment by Mr. Mucciante. ECF No. 57.

6

## II. SHULMAN'S MOTION FOR WITHDRAWAL

In his Motion for Withdrawal, Mr. Shulman describes that he "undertook to represent Plaintiff based on his client's representations that payment would be forthcoming for his involvement, and despite his client's assurances that payment would be forthcoming, no such payment has been accomplished." ECF No. 57, PageID.1055.

Eastern District of Michigan Local Rule 83.22(b) applies "[t]he Rules of Professional Conduct adopted by the Michigan Supreme Court … to" attorneys who practice in this court. *See Davis v. State Farm Fire & Cas. Co.*, 351 F. App'x 990, 991 (6th Cir. 2009) (applying the Michigan Rules of Professional Conduct in reviewing of a district court in the Eastern District of Michigan's denial of a motion to withdraw). Rule 1.16(b) of the Michigan Rules of Professional Conduct states, in relevant part that,

> Except as stated in paragraph (c), after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client … if:
> …
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (6) other good cause for withdrawal exists.

7

Mr. Shulman submits that "Plaintiff has repeatedly indicated payments have been sent and appear to be in process, but they have not yet been received. Counsel has given Plaintiff reasonable notice of this request for withdrawal, has allowed time for employment of other counsel, and will return Plaintiff's materials." ECF No. 57, PageID.1057. In light of these facts, the Court finds the requirements for withdrawal under Rule 1.16(b) of the Michigan Rules of Professional Conduct are present in this situation. Accordingly, the Court **GRANTS** Shulman's Motion for Withdrawal.

### III. PLAINTIFF'S FAILURE TO PROSECUTE AND TO DEFEND

Over the past 22 months, Plaintiff has been represented by six different counsels in the course of this litigation. Every one of them has moved to withdraw. The basis for each of these withdrawals appears to be Plaintiff's failure to compensate counsel — a circumstance that Plaintiff's representative, Mr. Mucciante, assured the Court on more than one occasion would not recur. The Court has no reason to believe that this pattern — an appearance by counsel followed by a motion to withdraw due to nonpayment — will not continue ad infinitum should the case be allowed to go forward. Indeed, the record supports the opposite conclusion.

But Unlucky is a corporate entity, and as this Court repeatedly advised Mr. Mucciante, a corporation cannot make an appearance in

federal court except through an attorney. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("a corporation cannot appear in federal court except through an attorney"); *see also NK Beer Wine, Inc. v. United States*, No. 08-067, 2009 WL 1874031, at *1 (W.D. Mich. June 29, 2009) ("Lack of resources does not excuse Plaintiff's failure to have counsel appear on its behalf."). For this reason, the Court warned Plaintiff, on multiple occasions, that failure to retain counsel could lead to dismissal of the action. The Court specifically inquired of Mr. Mucciante as to whether he had paid any of his attorneys, but he was unable to give an answer. Now, for the sixth time, Plaintiff is without counsel. As the Court warned Mr. Mucciante in at least one hearing, Unlucky has invoked the Court's jurisdiction by filing a formal complaint and hailing Red Hawk into federal court. As a corporate plaintiff, Unlucky must have counsel to represent it and plead its case — and that means compensating counsel for services rendered. At one time or another in the course of this case, both parties have characterized their claims as emergencies. And yet, due to Plaintiff's dilatory and reckless conduct in failing to retain counsel, the case has languished. To the extent that Unlucky has been gambling on the Court to once again allow it to delay the case by not failing to pay its lawyer, it is fair to say that Unlucky's luck has run out. Thus, for the reasons below, the Court will dismiss this action and direct the Clerk of the Court to enter a default against Plaintiff.

The Court's authority to take such action derives from Rule 41(b) and Rule 55(a) of the Federal Rules of Civil Procedure.

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)"). When a corporation has failed to maintain representation by counsel, courts have dismissed the action under Rule 41(b). *See, e.g., Canal Ins. Co. v. Schaefer*, No. 23-01059, 2025 WL 2415791, at *4 (M.D. Tenn. Aug. 20, 2025) (dismissing an action under Rule 41 and finding "that by failing to obtain new counsel for months, Patriot has shown no interest in prosecuting its counterclaims and has effectively abandoned them in this case."); *J & P Recovery, Inc. v. R.C. Dolner, Inc.*, No. 00-5761, 2002 WL 1774058, at *2 (E.D. Pa. Aug. 1, 2002) (dismissing an action under Rule 41(b) when Plaintiff "failed to pay the fees necessary to retain counsel").

Similarly, Rule 55(a) of the Federal Rules of Civil Procedure confers on district courts the authority to enter a default *sua sponte* against a litigant who has failed to defend an action. *See, e.g., Zobele Mexico, S.A. de C.V. v. TSS Techs., Inc.*, No. 18-596, 2019 WL 1130752, at *2 (S.D. Ohio Feb. 13, 2019) (recommending "that the Clerk's Office enter a

default against the corporate Defendant based upon its failure to secure counsel"), *adopted*, No. 18-596, 2019 WL 1125873, at *1 (S.D. Ohio Mar. 12, 2019) (filing an Entry of Default under Rule 55(a)); *Daniel Def., LLC v. Tactical Edge, LLC*, No. 21-334, 2023 WL 4561602, at *1 (S.D. Ga. July 17, 2023) ("The Court is empowered to direct entry of default *sua sponte*."); *Allstate Prop. & Cas. Ins. Co. v. Haslup*, No. 10-0191, 2012 WL 12953465, at *6 n.6 (N.D. Ga. Jan. 12, 2012) (collecting cases for the proposition that "a court can enter default under Rule 55(a) *sua sponte* against a litigant who has failed to answer the complaint or otherwise defend a pending action"), *affirmed*, 502 F. App'x 845 (11th Cir. 2012). When a corporation has failed to maintain representation by counsel, courts have entered a default under Rule 55(a). *See, e.g., Zobele Mexico, S.A. de C.V.*, 2019 WL 1125873, at *1 (doing so *sua sponte*); *Sec. & Exch. Comm'n v. Rsch. Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55"); *J & P Recovery, Inc.*, 2002 WL 1774058, at *1 ("A failure to comply with a court order to engage counsel may also fairly be viewed as a failure to defend which justifies an entry of a default judgment under Fed. R. Civ. P. 55(b)(2)."); *Dill v. Willowbrook Foods, LLC*, No. 12-525, 2013 WL 12123857, at *1 (S.D. Ohio June 4, 2013), *adopted, Dill v. SFI Holding, LLC*, No. 12-525, 2013 WL 12123858 (S.D. Ohio July 9, 2013) (entering default because "Willowbrook has failed to secure counsel or otherwise

11

respond to the Court's Orders"); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996) (holding that corporate defendant was technically in default on date court allowed counsel to withdraw).

Additionally, a court may sanction a corporate party that fails to maintain representation by counsel by dismissing the action or entering a default under Federal Rules of Civil Procedure 16 and 37. *See, e.g., United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 16-00609, 2019 WL 5579553, at *5 (W.D. Ky. June 6, 2019) (finding that corporate party's continued failure to retain new counsel" was "unreasonable" and in "bad faith"), *adopted*, No. 16-00609, 2019 WL 5586542 (W.D. Ky. July 2, 2019).

The circumstances of this case compel the Court to dismiss the case under Rule 41(b) and direct the Clerk of the Court to enter a default under Rule 55(a). In reaching this decision, the Court considers factors identified by the Sixth Circuit as relevant in reviewing a district court's dismissal for failure to prosecute. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 742 (6th Cir. 2008). In Shafer, in evaluating whether a district court's dismissal was justified, the Sixth Circuit considered the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

First, Plaintiff's inability to maintain representation by counsel is the result of its own willful conduct, including its failure to compensate counsel. The recurring nature of this behavior, and Plaintiff's failure to honor assurances previously made to the Court, reflects, at best, a disregard for the responsibilities attendant to litigation, and, at worst, a calculated misuse of the judicial process.

Second, this pattern — which has recurred six times — has prejudiced Defendant, *see* ECF No. 58, PageID.1061 (submitting that Defendant has incurred "real damage" as a result of Plaintiff's failure to maintain representation by counsel), and has impeded the process of this case. [2]

Third, Plaintiff has been repeatedly warned that the Court would consider whether Plaintiff's repeated failures to retain counsel present sufficient grounds to dismiss the complaint for failure to prosecute.

---

[2] As an indicator of the kind of prejudice Plaintiff's gamesmanship has introduced in this case, Red Hawk found it necessary to file a "Motion to Expedite," ECF No. 59, pleading for an immediate hearing or status conference to address Plaintiff's motion to withdraw in view of the impending trial date and Defendant's desire not to postpone the matter yet again. In view of the Court's decision memorialized in the instant Order, Defendant's Motion to Expedite, ECF No. 59, is hereby **DENIED AS MOOT**.

13

Fourth, the Court has already tried admonishment as a form of sanction to deter Plaintiff from repeating the conduct. But it has now recurred six times and there is no reason to believe that this pattern would cease if Plaintiff were to be given another opportunity to retain counsel. Over the course of this litigation, Plaintiff has given no indication that it has the means to retain counsel or the wherewithal to maintain representation.

As another court stated well, "Plaintiff invoked the judicial process and then failed to pay the fees necessary to retain counsel. Plaintiff's actions have made impossible the proper and efficient litigation of this case." *J & P Recovery, Inc.*, 2002 WL 1774058, at *2. That is the pattern of conduct that occurred in this case and it must end.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Attorney Shulman's Motion for Withdrawal. Additionally, the Court **DISMISSES** Unlucky Films Inc.'s Complaint and **DIRECTS** the Clerk of the Court to enter a default against Unlucky Films Inc. The Court also **DENIES AS MOOT** Red Hawk Films, Inc.'s Motion to Expedite (ECF No. 59) and **DENIES** without prejudice Red Hawk Films, Inc.'s Motion for Entry of a Default Judgment (ECF No. 60).

In light of this Order, the final pretrial conference and the settlement conference (currently scheduled for November 3, 2025) and

the bench trial currently (currently scheduled for November 20, 2025) are cancelled.

Once the Clerk enters a default in accordance with this Order, Defendant Red Hawk Films, Inc., may file a motion for default judgment under Federal Rule of Civil Procedure 55(b) by October 31, 2025.

**SO ORDERED.**

Dated: October 23, 2025  s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE