UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILM INC.**, <br> Plaintiff, <br><br> vs. <br><br><br><br><br><br> **RED HAWK FILMS, INC.**, <br> Defendant/Counter-Plaintiff. | 2:24-CV-10149-TGB-EAS <br><br> HON. TERRENCE G. BERG <br><br> ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR ENTRY OF A DEFAULT JUDGMENT ON DEFENDANT'S COUNTERCLAIMS <br> (ECF NO. 65) |

Defendant and Counter-plaintiff Red Hawk Films, Inc. ("Defendant" or "Red Hawk") having moved for entry of a default judgment against Unlucky Film Inc. ("Plaintiff" or "Unlucky") and in favor of Defendant for all readily ascertainable damages set forth in Defendant's Counterclaim ("Default Judgment Motion," ECF No. 65); Red Hawk having filed an affidavit in support of the Default Judgment Motion (ECF No. 65, PageID 1213); Red Hawk having served the Default Judgment Motion on October 28, 2025 (ECF No. 66); the Court having issued its Notice of Determination of Motion Without Oral Argument and

stating that Unlucky's response brief must be filed in accordance with Eastern District of Michigan LR 7.1(e); Unlucky having failed to respond to the Motion; a Clerk's Entry of Default having been entered in accordance with this Court's Opinion and Order Granting Motion for Withdrawal of Attorney Richard M. Schulman (ECF No. 57), Dismissing Unlucky Films Inc.'s Claims, Directing the Clerk of the Court to Enter Default Against Unlucky Films Inc., Denying Red Hawk Films, Inc.'s Motion to Expedite (ECF No. 59) as Moot, and Denying Red Hawk Films, Inc.'s Motion for Entry of a Default Judgment (ECF No. 60) without Prejudice (the "October 23 Order," ECF No. 62); and the Court being fully advised in the premises;

**THE COURT FINDS THAT:**

    A.    Federal Rule of Civil Procedure 55(a) empowers courts to enter default judgment against defendants who fail to plead or otherwise defend against an action. Once default is entered, courts treat the defendant as having admitted the complaint's well-pleaded allegations. *McIntyre v. Ogemaw Cty. Bd. of Comm'rs*, No. 15-cv-12214, 2017 WL 1230477, at *2 (E.D. Mich. Apr. 4, 2017).

B.  If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). If the Court determines that default judgment is appropriate, the Court must determine the "amount and character" of the recovery awarded. See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2017) (collecting cases).

C.  Accordingly, because a default has been entered against Plaintiff, all allegations set forth in Red Hawk's Counterclaim (ECF No. 10, PageID 150-167) are conclusively determined to be true and accurate. The facts pleaded in Red Hawk's Counterclaim are sufficient to show that Unlucky breached a contract with Red Hawk and that entry of a judgment against Unlucky in the amount of $185,206.88 is appropriate based on the well-pleaded facts set forth below.

D.  Red Hawk and Unlucky entered into a Production Services Agreement ("Contract") Red Hawk agreed to produce a certain documentary motion picture ("Picture") and Unlucky agreed to make payments and advance costs according to a budget to be prepared by Red Hawk ("Budget"). Counterclaim, ¶¶3-4.

3

E.   Red Hawk prepared and submitted the Budget, which was approved by Unlucky. The Budget included an agreed production service fee for Red Hawk of $75,000 and a director fee of $100,000, each exclusive of out-of-pocket expenses and other fees and costs. Counterclaim, ¶¶7-8.

F.   Red Hawk submitted invoices totaling $187,275 through December 2021, plus additional costs (after mitigation) of $30,625 in January 2022. Counterclaim, ¶¶14-16; 30-31.

G.   Unlucky made false promises and assurances that payment on the invoices would be made and falsely claimed on multiple occasions that Unlucky had electronically transferred payments to Red Hawk, but no such payments were made. Unlucky thus received services from Red Hawk based on fraud, false pretenses and misrepresentations. Counterclaim, ¶¶18-21, 81.

H.   Red Hawk relied on Unlucky's false statements to its detriment and continued working under the Contract. Counterclaim, ¶¶22-23.

I.   Red Hawk terminated the Contract on February 11, 2022. Counterclaim, ¶¶33, 39-40.

J. After accounting for all payments and mitigation of damages, Unlucky is indebted to Red Hawk in the amount of $97,706.88 for unpaid invoices and work performed on the Contract. Counterclaim, ¶¶34-35, 53-54.

K. In addition, Red Hawk suffered damages due to Unlucky's failure to pay the agreed director fee and production services fee in the amount of $87,500. Counterclaim, ¶¶55-56.

L. Unlucky's failure to make these payments constituted a material breach of the Contract, the Contract was properly terminated and Red Hawk has no further obligations under the Contract. Counterclaim, ¶36, 40.

M. Red Hawk complied with all its obligations under the Contract. Counterclaim, ¶42.

N. Red Hawk's total readily ascertainable damages resulting from Unlucky's breach of the Contract total $185,206.88. Counterclaim, p. 12. Red Hawk suffered additional contract damages but voluntarily chose to waive pursuit of such damages for purposes of its Default Judgment Motion. Nothing in this Order constitutes a finding or ruling that Red Hawk did not suffer additional contract damages.

O. Red Hawk's Counterclaim also included counts for account stated and promissory estoppel. Because damages for these counts are duplicative of Red Hawk's breach of contract damages, no separate findings or damages are appropriate with respect to the counts for account stated and promissory estoppel.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court hereby grants Red Hawk's Default Judgment Motion in full.

2. Red Hawk's Counterclaim pleaded facts sufficient to show that Unlucky breached the Contract with Red Hawk and that Red Hawk suffered breach of contract damages in the amount of $185,206.88.

3. Judgment shall, therefore, be entered in favor of Red Hawk and against Unlucky in the amount of $185,206.88.

IT IS SO ORDERED.

Dated: December 15, 2025        s/Terrence G. Berg
                                                            HON. TERRENCE G. BERG
                                                            UNITED STATES DISTRICT JUDGE