UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILMS INC.**, <br> Plaintiff, <br> vs. <br> **RED HAWK FILMS, INC.**, <br> Defendants. | **2:24-CV-10149-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER TO SHOW CAUSE** |

On January 29, 2026, during a telephonic status conference with the parties to explore alternatives to the Court granting Defendant's motion authorizing them to auction Plaintiff's property to satisfy the judgment, counsel for Plaintiff Unlucky Films Inc. assured the Court and opposing counsel that Plaintiff had the funds available to satisfy the judgment immediately, and that accordingly, there was no reason to authorize the sale. Plaintiff advocated depositing funds with the Court or some other interim step. The Court then ordered Plaintiff "to pay the amount of the judgment, in full, to Defendant by close of business on February 2, 2026" and to "file an affidavit with the Court confirming that such payment has been completed and the funds received by the Defendant."

On February 2, 2026, Timothy Mucciante, sole shareholder of Plaintiff, filed an affidavit. ECF No. 78. Mr. Mucciante attested that his "bank does not have a physical branch located in Michigan" and that he

therefore could not obtain a certified check, as the Court had suggested. Instead, Mr. Mucciante stated that he "relied upon wiring instructions previously provided by Defendant to ensure full payment could be transmitted to Defendant by February 2, 2026." *Id.* at PageID.1310. He further averred that "Defendant previously provided wiring instructions for a JPMorgan Chase Bank, N.A. checking account ending in 8759." *Id.* This account is, in fact, the account of Defendant Red Hawk Films, Inc. *See* ECF No. 79, at PageID.1314–19. Mr. Mucciante further attested that he "initiated the process of sending out an outgoing wire transfer on Friday, January 30, 2026 at approximately 1:03 PM, in the full judgment amount of $185,206.88 payable to Red Hawk Films. The transaction number confirming the initiation of this transfer is #1947375225." Mr. Mucciante also attested that he "initiated the payment process to satisfy the Judgment in good faith and in compliance with the Court's Order." *Id.* at PageID.1311.

On February 3, 2026, Scott Rosenbaum, sole owner of Defendant, filed a declaration. ECF No. 79. Mr. Rosenbaum declared that Defendant's JPMorgan Chase Bank, N.A. business account (ending in 8759) received "one wire transaction in the amount of $30.00" from an account "owned and/or controlled by Mr. Mucciante." *Id.* at PageID.1314–19. Mr. Rosenbaum further declared that "[o]ther than this single $30 deposit, Red Hawk has received no funds that could be associated with Unlucky or Mr. Mucciante." *Id.* at PageID.1315. Mr. Rosenbaum also

declared that he "called Chase Bank today and inquired about potential incoming wire transfers and was informed that there were no incoming wire transfers for this account." *Id.* For his part, Mr. Mucciante asserted in his affidavit that he spoke to a representative of Chase Bank and was told that sometimes large wire transfers "may be subject to internal review and temporary hold before being credited to a customer's account." ECF No. 78, PageID.1311.

On February 5, 2026, six days after Mr. Mucciante swore to the Court that he had "initiated the process of sending out an outgoing wire transfer," to Red Hawk's account, ECF No. 78, PageID.1310, Mr. Rosenbaum filed a second declaration indicating that no funds (other than the previously mentioned 30 dollars) had been received by Defendant Red Hawk. ECF No. 80, PageID.1334–35.

On February 6, 2026, Mr. Mucciante filed another affidavit. ECF No. 81. In that affidavit, Mr. Mucciante states that he "initiated the process of sending an outgoing wire transfer in the amount of $185,206.88 from the account of Red Badge Films to Defendant's designated JPMorgan Chase Bank, N.A. account." *Id.* at PageID.1338. Mr. Mucciante also states that "A true and correct copy of the deposit note reflecting this transaction is attached as Exhibit A." *Id.* The document attached as Exhibit A appears to be a receipt purporting to memorialize such a wire transfer. *Id.* at PageID.1340. However, this

record has no originating bank name identified on it and is otherwise unauthenticated.

The record before the Court raises serious questions as to the veracity of Mr. Mucciante's averments that he wired $185,206.88 to Red Hawk's account. The Court has concerns, based on this record, that Mr. Mucciante has failed to comply with the Court's January 29, 2026 Order and has made untrue statements under oath. The Court wishes to give Mr. Mucciante the opportunity to show why this is not correct.

**WHEREFORE, IT IS HEREBY ORDERED**, that Mr. Mucciante shall **SHOW CAUSE** why he should not be held in contempt of court for failure to comply with the Court's January 29, 2026 Order.

**IT IS FURTHER ORDERED**, that Mr. Mucciante shall, by February 16, 2026, file with the Court, under seal, the following supporting evidence:

- An official record of the account statement, bearing the name of the institution where such account is held, and notarized by the institution as a true and correct copy of a document originating from that institution, showing that Mr. Mucciante has control of funds capable of satisfying the judgment;
- An official record generated by the sending institution, bearing the name of that institution, and notarized by the institution as a true and correct copy of a document originating from that institution, recording the wire transfer

    of January 30, 2026 of $185,206.88 from the account at that institution to Red Hawk's account at JPMorgan Chase.

Failure to comply with this Order in a complete and timely manner may result in a finding of contempt and further sanctions.

**SO ORDERED.**

Dated: February 9, 2026   s/ Terrence G. Berg
              HON. TERRENCE G. BERG
              UNITED STATES DISTRICT JUDGE