UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNLUCKY FILMS INC.**, Plaintiff, vs. **RED HAWK FILMS, INC.**, Defendant. | **2:24-CV-10149-TGB-EAS** HON. TERRENCE G. BERG **ORDER FINDING TIMOTHY MUCCIANTE IN CONTEMPT OF COURT** |

On February 10, 2026, the Court ordered Timothy Mucciante, the representative and sole shareholder of Plaintiff Unlucky Films, Inc., to "SHOW CAUSE why he should not be held in contempt of court for failure to comply with the Court's January 29, 2026 Order." ECF No. 85, PageID.1402. The Court further ordered that Mr. Mucciante "shall, by February 16, 2026, file with the Court, under seal, the following supporting evidence:

- An official record of the account statement, bearing the name of the institution where such account is held, and notarized by the institution as a true and correct copy of a document originating from that institution, showing that Mr. Mucciante has control of funds capable of satisfying the judgment;

- An official record generated by the sending institution, bearing the name of that institution, and notarized by the institution as a true and correct copy of a document

> originating from that institution, recording the wire transfer of January 30, 2026 of $185,206.88 from the account at that institution to Red Hawk's account at JPMorgan Chase."

*Id.* at PageID.1402–03. The Court warned that "[f]ailure to comply with this Order in a complete and timely manner may result in a finding of contempt and further sanctions." *Id.* at PageID.1403.

On February 16, 2026, Mr. Mucciante filed a notarized affidavit under seal, ECF No. 86, and a response to the Order to Show Cause, ECF No. 87.

Having reviewed these filings, however, it is clear that Mr. Mucciante has failed to show cause why he should not be held in contempt because he failed to comply with a key mandate of the Order of February 10, 2026. Most notably, Mr. Mucciante completely ignored the portion of the Order requiring him to file

> [a]n official record of the account statement, bearing the name of the institution where such account is held, and notarized by the institution as a true and correct copy of a document originating from that institution, showing that Mr. Mucciante has control of funds capable of satisfying the judgment.

ECF No. 85, PageID.1402.

To hold a party in civil contempt, a court must find, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order," and that "the

prior order be 'clear and unambiguous.'" *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (citations omitted). Here, the Court clearly and unambiguously ordered Mr. Mucciante to file "[a]n official record of the account statement … showing that Mr. Mucciante has control of funds capable of satisfying the judgment." ECF No. 85, PageID.1402. Mr. Mucciante clearly violated this definite and specific order by failing to file such an official record with the Court. *See* ECF Nos. 86, 87. Additionally, the Court finds that Mr. Mucciante has not demonstrated an inability to comply with the Court's February 10, 2026 Order to Show Cause. In fact, Mr. Mucciante continues to maintain that he initiated a transfer of $185,206.88 to Defendants in good faith on January 30, 2026. ECF No. 86, PageID.1404. [1]

---

[1] The Court notes that Mr. Mucciante's notarized affidavit contains representations to the Court about this transfer that strain credulity. Specifically, Mr. Mucciante repeats his claim that he initiated a transfer of $185,206.88 to Defendants in good faith on January 30, 2026. ECF No. 86, PageID.1404. But, he avers, on February 13, 2026, his financial institution, Wise, purportedly on its own initiative, cancelled the transfer without providing a "reason … in the transaction record." *Id*. at PageID.1404–05. Mr. Mucciante further states that he did not request such cancellation. *Id*. at PageID.1405. Of course, a thorough investigation by the authorities may be necessary to determine exactly what happened here—why a financial institution would cancel a $185,000 wire transfer without even providing a reason to the account holder who initiated the transfer. If a party knowingly makes perjurious statements to the Court, such conduct may result in criminal contempt proceedings as well, and the Court is considering whether such proceedings would be appropriate to initiate here.

Because the record conclusively establishes the Mr. Mucciante knowingly violated this Court's Order, Mr. Mucciante is in civil contempt of court for failure to comply with the Court's February 10, 2026 Order to Show Cause.

To enforce compliance with this Order, the Court will impose a fine of $1,000.00 for each week that Mr. Mucciante remains out of compliance with the Court's February 10, 2026 Order, the first payment of which shall be due and must be deposited to the Clerk of Court no later than one week after the hearing the Court will hold on this matter on March 3, 2026. Mr. Mucciante shall be liable personally to pay this fine each week until he complies with the Court's Order.

In order to afford Mr. Mucciante additional due process in connection with this contempt finding and proposed penalty, **a hearing is set for Tuesday, March 3, 2026, at 10:00 a.m.** Prior to the hearing, Mr. Mucciante may cure the contempt by supplying the information required by the Court's Order of February 10, 2026.

As stated in that Order, Mr. Mucciante is directed to file with the Court, under seal, an official record of the account statement, bearing the name of the institution where such account is held, and notarized by the institution as a true and correct copy of a document originating from that institution, showing that Mr. Mucciante had control of funds capable of satisfying the judgment on January 30, 2026—the date on which Mr. Mucciante initiated the transfer of $185,206.88. If Mr. Mucciante did not

have control of funds capable of satisfying the judgment on January 30, 2026, he may instead file with the Court an affidavit stating that fact.

**IT IS SO ORDERED.**

Dated: February 23, 2026     s/Terrence G. Berg
                             _____
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE